## HUMMER et al. v. WAGNER SUPPLY CO.

No. 18388.   Opinion Filed Oct. 1, 1929.

G. L. Bynum and Hummer & Foster, for plaintiffs in error.

I. H. Cox, for defendant in error.

CLARK, J.   This suit was begun in the district court of Okmulgee county against R. B. F. Hummer and R. L. Foster, to recover the sum of $548.35 alleged to be owing to plaintiff.   For convenience, the parties will be referred to as they appear in the lower court.

Petition alleged that defendants were duly licensed practicing attorneys, were engaged in the practice of law under the firm name and style of Hummer & Foster, at Henryetta, Okla.; that defendants were employed by plaintiff to prosecute a suit against Currier & Company; that said suit was duly filed and prosecuted; that on November 20, 1925, the defendants received from the court clerk of Okfuskee county a check for the full amount of plaintiff's claim.   Plaintiff further alleged that after deducting the amount of a reasonable attorney's fee there was still due and owing to plaintiff the sum of $548.35, which the defendants have failed and refused to pay.

Defendants filed answer, admitting practically all the allegations of plaintiff's petition, except that $125 is a reasonable fee for their services.   Paragraphs 3 and 4 of defendants' answer are as follows:

"3.   For further answer defendants state: That at all times herein mentioned and for a number of years prior thereto defendants have carried in the Citizens Bank of Henryetta, Okla., an account in the name of Hummer & Foster, in which account was deposited all sums of money received on behalf of said firm and on behalf of their clients. That during said time it was the custom of these defendants to keep a record of all items received for themselves and for their clients in a book kept for that purpose, and amounts received for their clients were listed in said book as having been received on behalf of each particular client.   That upon the check or voucher for such items of receipt clearing, a check was drawn on said firm to the client for the amount due such client, less the reasonable fee due said firm. That at the end of each month it was the custom to divide the fees received during the current month between the members of said partnership, after paying all the partnership expense for that month.   That at all times a balance was maintained in said bank more than sufficient to pay the amounts due clients; that no checks of the individual members were ever drawn on said account, and no expenses in excess of the fees earned and held in said account over and above the amounts due clients were paid out of said account.

"4.   Defendants allege that on the 20th day of November, 1925, they received from the county clerk of Okfuskee county, Okla., a voucher in the sum of $478.35, in payment of a claim due plaintiff; that in accordance with their custom as above set out, defendants deposited said amount in the Citizens Bank of Henryetta, Okla., and after said voucher had cleared, and on or about the 1st day of December, 1925, defendants issued their check on said Citizens Bank payable to plaintiff in the sum of $548.35, deducting from the amount received and retaining as their fee the sum of $130 in addition to the sum of $50 theretofore paid by plaintiff; that said check was mailed to the plaintiff on the same date it was issued at Ft. Worth, Tex.; that said check was deposited by plaintiff in some bank at Ft. Worth, Tex., but that the same was not paid by the Citizens Bank on account of the fact that it became insolvent and closed its doors on the 3rd day of December, 1925, and said check not having been presented to said bank prior to said date; that defendants exercised reasonable care in selecting the depository for said funds; they had no knowledge of the impending insolvency of said bank; that said bank has paid a final dividend of 40 per cent., and no further recovery can be had; that defendants held said sum in trust for plaintiff and are not liable for the loss of said funds in said bank.   Defendants admit liability for 40 per cent. of $548.35, or $219.34, and hereby confess judgment for said amount.   Defendants state that the fee retained and collected for their services on behalf of said plaintiff was reasonable and just.   Defendants further

state that at the time said Citizens State Bank closed its doors they had on deposit in said bank a sum in excess of $548.35, and that but for the failure of said bank as aforesaid said check would have been duly honored and paid."

The case came on for trial. The plaintiff filed a motion to strike paragraphs 3 and 4 of defendants' answer, and the motion was sustained. Thereupon plaintiff filed motion for judgment on the pleadings, which was also sustained, and judgment was rendered for the amount claimed. Defendants appealed, and the cause is here for review and presents the single question: Do the two paragraphs (3 and 4) of defendants' answer, above set forth, constitute a defense to the plaintiff's suit?

Defendants contend that under the pleading the money was deposited as a trust fund and they could not be held, while plaintiff contends that the mere depositing of the check in the firm account transferred the legal title of the fund to the defendants and changed their relation to debtor and creditor for the amount due to their client. There is no question of fraud or bad faith or negligence in the selection of a safe and suitable depository for the fund or not failing to remit the fund promptly upon collection. The record discloses that the defendants acted in the utmost good faith and exercised reasonable care. Defendants had a right to collect the funds for their client. They had a right to deposit the check or voucher given them for collection, but they had no right to vest the legal title in themselves.

Defendants, plaintiffs in error, cite and rely upon the case of In re Shanley, 107 N. Y. S. 913, 57 Misc. Rep. 8. In the Shanley Case the court said:

"Where an attorney, having in his possession money belonging to clients, is instructed that they wish him to deposit it in a bank for them, to be kept there for a certain period, and he deposits it in his own account in a reputable bank of high rating, in which he has carried his account for twelve years, the failure of the bank does not make him liable as an insurer, and he need not make good the amount lost in consequence thereof."

This case is distinguished from the case at bar in this: There is no allegation in defendants' answer that defendants were instructed to deposit the collection of plaintiff, defendant in error, in the Citizens Bank of Henryetta, or in any other bank. In the absence of an allegation to the contrary, it must be presumed that plaintiff, defendant in error, intended that said funds, when collected, should be immediately forwarded to plaintiff.

Plaintiffs in error also cite the case of Pidgeon v. Williams' Adm'r, 21 Grat. (62 Va.) 251. In this case the attorney in depositing the trust fund had entered on the scratcher or bank book "Pidgeon." Defendants' answer does not bring this case within the rule announced in the Pidgeon v. Williams' Adm'r Case Supra.

Defendants, plaintiffs in error, contend that, having received the collection in the form of a voucher or check, they had a right to deposit this check in the due course of business for collection, and that in so doing they were selecting the bank as their agent or the agent of their client to collect this check for their client, and had a right so to do; but, according to plaintiffs in error's answer, the check was collected before the bank closed. Therefore the agency ceased when the money was deposited in the bank to the credit of defendants, plaintiffs in error, and there was no default made by the Citizens Bank of Henryetta while acting as subagent in the matter of the collection of the check. The default occurred after the money had been deposited to the credit of the defendants, plaintiffs in error, after the relationship of debtor and creditor had been created between the bank and the plaintiffs in error.

Plaintiffs in error further contend that this was a partnership account, that no personal checks were drawn against the same, and that at the end of the month each client was given his proportionate share of funds contained in this account, and the residue was divided between the partners according to their respective interests. There was nothing in this account or on the records of the bank to indicate the trust nature of this fund. The fact that defendants kept a complete record in their office of receipts and disbursements would not change the character or the status of the fund deposited in the bank to the credit of the partnership.

The rule announced in 26 R. C. L., pages 1314 and 1315, is as follows:

"Banks of deposit are a recognized necessity in the commercial world. A trustee who would continuously keep for any considerable length of time a large sum of money about his person or in his house, rather than deposit it for safe-keeping in a solvent and reputable bank or trust company, where all the precautions may be exercised for its safety, might justly be regarded as derelict in duty. * * * A trustee must be careful to make the deposits in the name of the trust estate, and not to his personal credit, if he would avoid personal liability in case of failure of the bank. In such a case the good faith or intention of the trustee is in no way involved. Having for his personal convenience, or from what-

ever motive, deposited the money in his own name, thereby vesting himself with legal title, it follows as a necessary consequence, when a loss occurs, he will not be permitted to say, as against his cestui que trust, that the fact is not as he voluntarily made it appear. And it is immaterial that he informed the bank at the time of making the deposit that the funds were held by him in trust."

The defendants for their personal convenience, and, no doubt, with the best of motives, deposited the money in their own name, vesting them with the legal title. When this was done the cestui que trust has his election either to treat the fund according to the principle of the thing as the property of the trustee and regard the latter as his debtor, or he may demand that the title be transferred to him. The deposits made were general deposits to the credit of Hummer & Foster and established the relation of debtor and creditor between the bank and Hummer & Foster, thereby divesting the fund of any trust character.

We must, therefore, conclude that paragraphs 3 and 4 of defendants' answer did not constitute a defense to the plaintiff's cause of action, and that the court committed no error in striking the same and entering judgment for plaintiff on the pleadings.

The judgment of the trial court is affirmed.

LESTER, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

MASON, C. J., absent.

Note.—See under (1) 2 R. C. L. p. 1018. See "Attorney and Client," 6 C. J. §233, p. 695, n. 14.