No. 1,699.

## THORNBURG, ADMR., *v.* BUCK.

RECORD.—*Affidavit on Motion for a New Trial.*—A part of an affidavit on a motion for a new trial, stricken out by the court below, is not properly a part of the record on appeal, where it is neither presented by a bill of exceptions nor made so by order of the court, although it is copied into the record.

APPELLATE COURT PRACTICE.—*Newly Discovered Evidence.*—*New Trial.*—The appellate court cannot pass upon the question of newly discovered evidence involved in a motion for a new trial, where all the affidavits and statements considered by the court below are not properly before it.

VARIANCE.—*Between Complaint and Proof.*—*Trust Fund.*—There is not a fatal variance between the averment of a complaint, in an action to recover a trust fund derived from the sale of real property, that the property was sold for the sum of $1,000, and proof that the consideration was in lands of the value of $1,000.

JUDGMENT.— *For Money.* — *Sufficiency.* — *Amount.* — *Calculation.* — A money judgment is not unsupported because the special findings fail to assess the damages or amount of recovery, where there are enough facts found to enable the court to make a mathematical calculation and arrive at the amount of the judgment.

NEW TRIAL.—*Newly Discovered Evidence.*—New evidence that would not change the result is not ground for a new trial.

STATUTE OF LIMITATIONS.—*Exceptions.*—*When Must Be Specially Pleaded.*—A statute of limitations containing exceptions must be specially pleaded if relied upon as a defense, unless the complaint clearly shows that the plaintiff is barred, notwithstanding the exceptions.

TRUST.—*Sale of Real Estate Held in Trust.*—*Trust Fund.*—A valid trust in the proceeds of a sale of real property conveyed to one

under his parol promise to hold the title for the benefit of another who paid the purchase price, is created by the former's agreement to hold such proceeds for the use and benefit of the other, even if the trust could not have been enforced as to the real property.

SAME.—*Express Parol Trust in Land.—When May Be Enforced as Resulting Trust.*—An express trust in real estate, resting in parol, may be enforced as a resulting trust where one pays the consideration, and by agreement and without fraudulent intent the conveyance is made to another to hold the land in trust for the party paying the purchase money.

From the Marshall Circuit Court.

*J. D. McLaren* and *E. C. Martindale,* for appellant.

*J. W. Parks,* for appellee.

LOTZ, J.—The appellee, Calesta A. Buck, filed a claim against the estate of Harvey Thornburg, deceased. The claim was disallowed by the administrator and transferred to the issue docket for trial. Appellant's demurrer, for want of facts, was overruled to the claim or complaint, and he then answered the six-year statute of limitations. The cause was tried by the court, which, at the request of appellant, made a special finding of the facts and stated conclusions of law thereon. The appellant excepted to the conclusions of law. Appellant's motion for a *venire de novo* and motion for a new trial were also overruled. Exceptions were taken to all these adverse rulings, and they are each assigned as error in this court.

In her statement of claim or complaint the appellee avers that on the 24th day of August, 1877, she was the wife of one Edgar Wilson, but was living separate and apart from him; that at said time she had money, notes and other property in her own right, and that she purchased the west half of lot number eight in Blain's addition to the city of Plymouth, Indiana, and paid therefor in cash the sum of $500.00; that on account of

the fact that she and her husband were living separate and apart she believed it to be necessary to convey the said real estate to some other person than herself; that the wife of the decedent and the claimant were sisters, and that on account of such relationship, and upon his consenting to hold the title to said property for her, the real estate was conveyed to said decedent to be held by him in trust for her; that after the purchase of said property she occupied it for a number of years, when she changed her residence to the city of Fort Wayne; that it was afterwards agreed that the deceased should sell the property for such sum as it was worth, and to keep and retain the money derived therefrom for the use and benefit of the claimant; that said Harvey Thornburg did on the 6th day of October, 1879, sell and convey said real estate to one Albert Bohmer at and for the price of $1,000.00; that said decedent had the use and benefit of said $1,000.00 trust fund since the 6th day of October, 1879; that the principal and interest on said sum from the date of said last conveyance is justly due and owing. It also appears from the averments that the claimaint is now the wife of one —— Buck.

It is urged against the sufficiency of the complaint that the claim at the most is but a naked legal obligation, a debt and not a trust; that it is stale and barred by the statute of limitations. Is the obligation set forth in the complaint the ordinary legal one, or is it one arising from equitable conditions and considerations? A debt in the technical sense is money due or owing on account of a contract, express or implied. While a trust, strictly speaking, is an obligation arising out of a confidence reposed in a person to whom the legal title to property is conveyed, upon the condition that he will faithfully apply it according to the direction and wishes of the grantor. Under the circumstances averred, the

obligation arising is one growing out of a trust, and not a mere legal one. The settled rule is, that if the statute of limitations contain exceptions, and it is relied on as a defense, it must be specially pleaded, unless the complaint clearly shows upon its face that the plaintiff is barred, notwithstanding such exception. *Potter* v. *Smith,* 36 Ind. 231.

There are exceptions to the six year statute of limitations. For aught that appears, the plaintiff may have been under legal disability, or a nonresident of the State, and there is nothing in the complaint to show that she is or is not within any of the exceptions. The same question arises on the exception to the conclusions of law, but we will dispose of it in the order in which the appellant has presented it. The rule is well settled that the statute of limitations begins to run against a trust only from the time when the trust is openly disavowed by the trustee who insists upon adverse rights and interests, which insistence is fully and unequivocally brought to the knowledge of the *cestui que trust.* The appellant contends that the facts pleaded do not establish a trust relationship between the plaintiff and decedent, or if they do, the trust is one concerning real estate resting in parol and incapable of enforcement under the statute. Section 3391, 6631, R. S. 1894 (section 2969, 4906, R. S. 1881). Conceding that an express trust in real estate resting in parol while it is executory may be voidable, still it may be enforced as a resulting trust under certain conditions; as where one party pays the consideration and by agreement and without fraudulent intent the conveyance is made to another to hold the land in trust for the party paying the purchase money. Section 3398, R. S. 1894 (section 2976, R. S. 1881). Here it appears that the purchase money was paid by the plaintiff, and that by agreement the title was taken by the decedent

in trust and without any fraudulent intent.    But aside from this, it further appears that the real estate was sold and that the decedent agreed to keep and hold the pro-·ceeds for her use and benefit.    Here was a trust created in the money or personal property and it is well settled that a trust in personalty may be created by parol.    *Talbott, Admr., v. Barber,* 11 Ind. App. 1 ; *Mohn* v. *Mohn,* 112 Ind. 285 ; *Thomas, Admr.,* v. *Merry,* 113 Ind. 83 ; *Parks* v. *Satterthwaite, Admr.,* 132 Ind. 411.

It is further insisted that in order to create a trust in the proceeds of the sale, there must be a consideration shown for the agreement to hold the proceeds in trust. This contention is shadowy to say the least. The decedent had appellee's money or property, and this is a sufficient consideration.    There is nothing in the complaint from which it appears that the trust was ever disavowed or that the statute of limitations ever ran against it.    There was no error in overruling the demurrer.

The next contention is that the court erred in its conclusions of law.    There are many unnecessary and evidentiary matters contained in the special findings, but disregarding all such, those still remaining are substantially the same as those averred.

The appellant insists that there is a fatal variance between the averments of the complaint and the facts found in this respect : the complaint avers that the decedent sold the real estate for the sum of $1,000.00, while the finding of the court in relation thereto is as follows :  ''That * *  on the 6th day of October, 1879, said Thornburg sold said property in pursuance of said agreement and executed a deed therefor to one Albert Bohmer, receiving a consideration therefor in lands of the value of $1,000.00.''  The allegation is that the decedent received money or funds, while the proof is that he received lands.    It is assumed that a trust obligation aris-

ing out of money is not supported by a finding that the obligation arose out of lands, that there is here a fatal variance or failure of proof. In the strict legal sense there is a marked difference between a sale and an exchange or barter, but in common parlance the one is frequently used for the other. If the effort were to pursue a particular fund or to enforce a trust as against specific property, the contention would have much force, but the effort is to enforce an obligation, and the manner in which it arises is of secondary consideration. The strict rules of pleading and practice do not apply in claims against decedents' estates. Neither nicety of averment nor nicety of proof is required. Of course the proof must always be sufficient to establish a liability against the estate. The statute requires that only a succinct statement of the nature and amount of the claim shall be filed. The purpose of the statute is to facilitate the settlement of estates with as little expense as possible to both the estate and the claimant. It is not contemplated that the claimant shall incur the expense of employing professional counsel and prepare his pleadings with legal accuracy. The rule that a pleading must proceed upon a single definite theory, the trial had and judgment pronounced upon the theory indicated, has but little or no application to claims against estates. This rule concerning theory should not be carried to that degree of refinement that leads to absurdity and injustice. To compel a claimant to conform strictly to this rule would require him in nearly all instances to employ skilled counsel in the preparation of his claim, and the purpose of the statute would in a large measure be defeated. To this end it has often been held that formal pleadings are not required. If the statement shows the nature and amount of the claim with sufficient precision to bar another action and a *prima facie* right to recover, this is

all that is required.    *Lockwood, Admr.*, v. *Robbins*, 125 . Ind. 398.

The court before which such claims are brought for adjudication is the ultimate guardian of the interests of the estates of deceased persons, and it is given a wide discretion.    When it is satisfied that the substantial interests of the estate have been preserved and protected by its judgment under the rules above stated, this is all the law requires. In the case of *Hileman, Admr.,* v. *Hileman,.* 85 Ind. 1, the claim or complaint alleged that the intestate was indebted to the claimant for certain trust funds which he had and held during his life and at the time of his death, for the use and benefit of the claimant. The proof showed that the deceased did not receive either money or funds as charged in the complaint but that he only took credits on notes made by himself and owing to the parties from whom he should have collected the trust funds.    In speaking of whether or not the evidence failed, or in other words whether or not there was a variance the court made use of this language :    "If the strict rules of pleading were applicable, this position would perhaps be maintainable ; but it has been held that a formal complaint is not necessary in prosecuting a claim against an estate, a succinct statement of the nature and amount of the claim being all that the statute requires.    *    *    *    The complaint in this instance, besides the bill of particulars, shows the sources from which the money was received by the intestate, and neither he nor his representative ought to be heard to say it was not money, merely because it consisted of his promises to pay money taken up instead of the money itself.    Having taken his own notes, in lieu of money coming to his wife, and having presumably cancelled or destroyed the notes, instead of holding them for her use or turning them over to her, as he ought to have

done, he may, without great impropriety of averment, be charged as holding the amount of the notes in trust for her." So in the case at bar, while the averment is that the decedent received money and the finding is that he received lands, in either event there is a valid obligation existing against the estate and there is not such a failure of proof or variance as will defeat a recovery.

Under the assignment that the court erred in overruling the motion for a *venire de novo*, it is assumed in the argument that the special findings fail to assess the damages or amount of recovery. It was found that no part of the sum of $1,000, or the consideration received by the decedent for the real estate was paid by him in his life time to the plaintiff or to any other person by her order and that the same is due and wholly unpaid. A mere finding for the plaintiff without any assessment of damages or amount of recovery is insufficient to support a judgment. *Fruits* v. *Elmore*, 8 Ind. App. 278. The verdict or findings must determine the amount of the judgment or find such facts as leave nothing for the court to do except to make a mere mathematical calculation. *Johnson* v. *Bucklen*, 9 Ind. App. 154. There are in the special findings enough facts from which the court could make a mathematical calculation and arrive at the amount of the judgment. There was no error in overruling this motion.

Under the last assignment of error, it is insisted that the court abused its discretion in requiring the appellee to testify as a witness. Before this was done, however, several witnesses had testified to the material facts in the case sufficient to make a *prima facie* case. The discretion of the trial court will not be reviewed under such circumstances, as was expressly held by this court in *Talbott, Admr.*, v. *Barber, supra.*

Another cause for a new trial was based upon newly

discovered evidence.   Affidavits setting forth the newly discovered evidence and of the diligence used by the appellant were filed and presented to the court below and are brought into the record by a bill of exceptions. Counter affidavits contradicting the newly discovered evidence and of the diligence used were filed by the appellee.   It is settled that when a motion for a new trial is based upon newly discovered evidence and the motion is supported by affidavits, counter affidavits may be filed questioning the exercise of diligence on the part of the moving party and also for the purpose of showing that the alleged ground for a new trial had no existence. *First Nat'l. Bank, etc.*, v. *Gibbons*, 7 Ind. App. 629.   The counter affidavits are not all brought into the record by a bill of exceptions.  The record affirmatively shows that the appellee filed the counter affidavits of Barney Ryder, Catharine Ryder and Calesta Buck.   The appellant moved the court to strike out a part of the affidavit of Barney Ryder, and of the whole and certain parts of the affidavits of Catharine Ryder and Calesta Buck.   This motion was sustained to which the appellee excepted, and the motion, affidavits stricken out and parts of affidavits stricken out and rulings of the court and exceptions thereto were ordered made a part of the record without a bill of exceptions.  The appellee then filed her affidavit again, differing in many material respects from her former affidavit.   The appellant then moved the court to strike out parts of the last affidavit of Calesta Buck, which motion was sustained in part and overruled in part.   The parts of the affidavit stricken out, the rulings of the court and motion were ordered made a part of the record without a bill of exceptions.   The whole of this affidavit is not made a part of the record, it is only the parts stricken out ; that portion of the affidavit not stricken out is not properly a part of the record,

because it is neither presented by bill of exception nor made so by order of the court. The fact that it is copied into the record does not make it a part thereof. An instrument of writing of any kind, which is improperly in the record cannot be considered for any purpose. *Norton* v. *State*, 106 Ind. 163 ; *Barnes* v. *Jones*, 91 Ind. 162 ; *Colee* v. *State*, 75 Ind. 511. The reason for this rule is, that material portions may be left out or new matters inserted. Its correctness is not certified to, nor does it in any manner receive the sanction of the court. Upon the question of newly discovered evidence, this court cannot pass for all the affidavits and statements considered by the court below are not properly before us. The evidence given on all the material points on the trial of the cause was sharply conflicting. If the failure to get all the affidavits into the record be waived, and they be considered as they appear in the record, we find the same sharp conflict: "It is a firmly established rule, that a new trial will not be granted unless the newly discovered evidence is such as will probably produce a different result upon a second trial." *Sullivan* v. *O'Conner*, 77 Ind. 149.

Judgment affirmed.

GAVIN, J., dissents.

DAVIS, J., did not participate in the consideration of this case.

Filed June 14, 1885; petition for rehearing overruled November 1, 1895.