(57 Misc. Rep. 8.)

### In re SHANLEY et al.

(Supreme Court, Special Term, New York County. December 17, 1907.)

1. ATTORNEY AND CLIENT—CLIENT'S FUNDS—DEPOSIT IN ATTORNEY'S ACCOUNT —EFFECT OF BANK FAILURE.

Where an attorney, having in his possession money belonging to clients, is instructed that they wish him to deposit it in a bank for them, to be kept there for a certain period, and he deposits it in his own account in a reputable bank of high rating, in which he has carried his account for 12 years, the failure of the bank does not make him liable as an insurer, and he need not make good the amount lost in consequence thereof.

2. SAME—COMPENSATION—ALLOWANCE—EFFECT OF CONTRACT.

An attorney's contract of employment, limiting him to a certain sum to be paid proportionately by his clients, does not prohibit him from receiving in addition the allowance made in litigation which is paid by the adverse party.

In the matter of the application of Owen Shanley and others for an order requiring Patrick A. McManus to pay over moneys belonging to them. Motion denied.

107 N.Y.S.—58

Martin & Meehan (L. N. Martin, of counsel), for the motion.

Patrick A. McManus (Edward J. Maxwell, of counsel), opposed.

GIEGERICH, J. None of the cases cited in support of the petition are similar in their facts to the case in hand. In Massachusetts Mutual Life Ins. Co. v. Carpenter, 49 N. Y. 668, the moneys for which the defendant was sought to be held liable had been lost through the embezzlement of a clerk selected and employed by the defendant. Neither is the case like McGuinness v. Manhattan R. Co., 69 App. Div. 606, 74 N. Y. Supp. 1054, where also the loss occurred through the fraud of a clerk employed by the respondents. In this case the loss did not occur by reason of the wrongdoing of any one selected by the respondent, but solely through the failure of the bank in which the moneys had been deposited. They were deposited, it is true, by the attorney in his own name and in his own bank account; but such course was not in violation of the instructions received from the petitioners, as is stated in the petition. His instructions on the point were as follows:

"The legatees wish you to deposit the $1,100 that he [meaning the debtor] has paid in a bank for legatees, to be kept there until the thirty days expire."

There were eight persons interested in the fund, and, while it might have been the better course for the attorney to follow to have opened a separate account in the name of each of his clients entitled to participate in the fund, I do not think that his act in depositing it as he did was such as to make him liable as an insurer upon the failure of the bank. He deposited the money in a bank in which he had carried his own account for 12 years, and which had been doing business for over 60 years, and which was given a high rating in the commercial agencies, and enjoyed the confidence and had the accounts of many prominent customers. This is not the case of an agent unjustifiably mingling a principal's moneys with his own in such manner that in the event of a partial loss it is impossible to say whose moneys were lost, such as would be the case if the moneys were physically mingled and a part of them should be stolen. Here there has been a dividend of about 40 per cent. declared upon all deposits in the failed bank, such dividend being the same upon the personal moneys of the respondent as upon those of his clients.

So far as concerns the $125 which it is claimed he received in violation of his contract of employment, it need only be said that that contract limited him to the $50 therein provided to be paid proportionately by the clients; but the $125 in question was not paid by them, nor did it come out of the fund to which they were entitled, but it was an allowance made in the litigation, and was paid by the person from whom the money was collected. It is stated by the attorney, in his opposing affidavit, that it was expressly understood that any sums so allowed should be additional to the $50. I can see no warrant for compelling an attorney to make good to a client moneys lost under the circumstances disclosed in this case.

The motion is denied, without costs.