Pleasant Valley Farms and Morey Condensery Company, *Plaintiff in Error,* v. Edgar Allen Carl, *Defendant in Error.* The Southern Bank and Trust Company, *et al., Garnishees.*

Division A.

Opinion Filed October 31, 1925.

1. A writ of error is the only method existing in this State by which final judgments in common law actions are reviewable except in cases where certiorari or prohibition shall lie, or where it may be otherwise expressly provided.

2. A writ of error lies to a judgment dissolving an ancillary attachment prior to the judgment in the main action.

3. A garnishment does not create a lien in plaintiff's favor; it is a proceeding in its nature equitable by which the plaintiff is subrogated to the defendant's right against the garnishee. It is a substantial right secured in a proceeding severable

from the main cause and is effectually and conclusively destroyed by the order dissolving the garnishment.

4. Under the provisions of the statute regulating garnishment proceedings if it should be the defendant's purpose to try the truthfulness of the allegations contained in the plaintiff's affidavit, he should make under oath a categorical denial of such allegations or any one of them. There is no provision for the introduction of other issues than those produced by such a traverse.

5. The proceedings regulating garnishment and the trial of issues thereunder are statutory, and the requirements of the statute should be strictly followed.

6. Whether a specific denial of the allegation that the plaintiff in garnishment, or the maker of the affidavit in garnishment, "does not believe that the defendant will have in his possession after execution shall be issued visible property in this State and in the county in which the suit is pending upon which a levy can be made sufficient to satisfy the amount of the plaintiff's claim," puts the plaintiff to the affirmative proof that he did so believe, is not decided.

A Writ of Error to the Circuit Court for Dade County; H. F. Atkinson, Judge.

Judgment reversed.

*Shutts & Bowen,* for Plaintiff in Error;

*M. S. Bobst* and *W. F. Brown,* for Defendant in Error.

ELLIS, J.—The defendant in error, Edgar A. Carl, was indebted to the plaintiff in error, Pleasant Valley Farms and Morey Condensery Company, a Wisconsin Corporation, in the sum of $1547.35, and sent his check on The Southern Bank and Trust Company of Miami Florida in payment of the debt.

Before the check in due course was presented for payment Mr. Carl stopped the payment of it and the Pleasant Valley Corporation brought its action against him in Dade County, the county of defendant's residence, to recover upon the debt.

Mr. Shutts, one of the attorneys for the Company, while the action was pending and before judgment applied for and obtained a writ of garnishment to The Southern Bank and Trust Company and two other banks. Two of them answered denying the possession or custody by them of any money or other property belonging to the defendant, but The Southern Bank and Trust Company answered that it was indebted to Mr. Carl in the sum of $1629.25, and that it held that sum for his use and benefit.

The defendant filed an affidavit traversing certain allegations in the Shutts' affidavit and alleging other facts as to the defendant's financial worth and as to the detrimental effect upon his credit which the issuing of the garnishment had.

These two allegations were stricken from the affidavit upon plaintiff's motion and the defendant moved to dissolve the garnishment upon the traverse tendered.

There was a trial by jury upon the issues made by the two affidavits, and a verdict for the defendant. The judgment of the court was entered dissolving the garnishment and releasing the garnishee from all liability thereunder.

The plaintiff took a writ of error to that interlocutory judgment.

The first question presented by this record is:

Will a writ of error lie to an order dissolving a garnishment before final judgment in the action in which it is obtained?

If it will not then this Court has no jurisdiction to determine the questions presented by counsel on this record

and the writ of error should be dismissed. It is also true that writ of error to a final judgment would not lie at the suit of the plaintiff if the judgment was in its favor and the corporation not aggrieved by it. Nor would a writ of error postponed until final judgment, if it was against the plaintiff, save any right it might have acquired under the garnishment.

Under the code both a writ of error and an appeal were seemingly allowable in the same case. See McClellan's Digest, p. 840, Sec. 2; Jeffreys et al. v. Coleman, 20 Fla. 536.

In the case above cited an action was commenced by summons served personally upon defendant. An ancillary attachment was obtained the same day. The following day the defendant moved to dissolve it. On the day prior to the entry of the final judgment for plaintiff in the principal action the court dismissed the attachment. The plaintiff took an appeal from that order and a writ of error to the judgment. The writ of error was dismissed as it did not appear to the court as efficient to conserve the right of the plaintiffs if they were aggrieved, but the cause was retained on the appeal and the order dissolving the attachment was reversed.

The case turned upon the proposition that the plaintiffs had acquired a lien by the attachment upon the property attached, and its dissolution deprived them of a right which did not affect the progress of the suit upon the cause of action. The court said the order was more than interlocutory because nothing remained to be done to extinguish the lien. It was final and settled all the rights of the parties involved in it. The court quoted opinions of other courts upon the definition of a "final decree or order" within the provision allowing an appeal to any order or decree which is conclusive as to its object or subject. The

Statute of February 10, 1832, as amended by Chapter 3008, Acts of 1877, was referred to as providing that if either party shall feel aggrieved by a final judgment or decree he may appeal.

The doctrine as announced in that case, as applied to appeals from orders dissolving attachments, was followed by this Court in Williams v. Hutchinson, 26 Fla. 513, 7 South. Rep. 852; Mullen v. Camp, 46 Fla. 234, 35 South. Rep. 402.

In the latter case the Court said that the ancillary attachment proceedings and the main action are severable so that judgment may be reversed in one and affirmed in the other.

The statute relating to writs of garnishment makes no provision for either appeal or writ of error from orders dissolving or refusing to dissolve the garnishment. And under the statutes now in force a writ of error is the only method by which final judgments in common law actions are reviewed, except in cases where certiorari or prohibition shall lie or where it may be otherwise expressly provided. Sec. 2900-2901, Revised General Statutes.

In the Williams case, *supra,* there was an appeal from the order dissolving the attachment but in the Mullen case, *supra,* a writ of error was taken from the final judgment in the main case.

It may be assumed therefore that where ancillary attachments have issued and been dissolved by order of the court prior to judgment in the main action, writs of error will lie to such orders. The reasoning supporting such assumption seems to rest upon the following propositions: First, the two proceedings are several; Second, the order dissolving an ancillary attachment is conclusive as to its object; Third; the attachment secures to the plaintiff in the main action a lien of the benefits of which he is deprived by the order dissolving the attachment; Fourth, a reviewal of the order

would not restore plaintiff to his rights if postponed to a hearing on writ of error to the final judgment in the main cause.

The analogy between writs of attachment and writs of garnishment is almost complete. But analogy is an unsafe ground of reasoning and its conclusions should seldom be received without some degree of distrust. It has been said by a learned author upon the subject of Political Philosophy, that, "It is by the urging of different analogies that the contention of the bar is carried on," but that the accuracy of the conclusions obtained therefrom depends upon the careful comparison, adjudgment and reconciliation of them with one another.

There is no statute providing for writs of error to orders dissolving attachments, but in the Williams case, *supra,* the court held that such an order, even where the attachment is ancillary, being effective to abate the attachment proceedings, is a final judgment from which an appeal lies.

When that case arose the appellate jurisdiction of this court could be invoked in an action at law by either appeal or writ of error from or to final judgment. Now the garnishment proceedings and the main cause are several, the order dissolving the garnishment is conclusive as to its object, and the plaintiff would not be restored to whatever rights he may have had under the garnishment if the order dissolving it must await reviewal of the judgment in the main cause before the order may be reviewed. So far forth there seems to be a perfect analogy between the two proceedings, but in the one feature which affords to the plaintiff his grievance when an attachment obtained by him is dissolved, which affords a reason for the assertion that he is aggrieved by the order, the garnishment is unlike the attachment. That feature is the lien created by the attachment. A garnishment creates no lien in the plaintiff's

favor. It is a proceeding, in its nature equitable, by which the plaintiff is subrogated to the defendant's right against the garnishee. The plaintiff secures by the garnishment the right to have the debt owed by the garnishee to the defendant paid by the garnishee upon the plaintiff's judgment against the defendant instead of to him. See 12 R. C. L. 776; 28 C. J. p. 252.

But the difference between the lien secured by the attaching creditor and the right of whatever nature it may be, which is obtained by the creditor in garnishment proceedings is not so subsistent, inherent, or material as to destroy the analogy between the two proceedings. Whatever the plaintiff's right in garnishment may be, whether as holder of a legal or equitable lien, or merely as holder of an inchoate lien or right to be subrogated to the defendant's claim against the garnishee, it is a substantial one. and a material aid in the collection of the debt held by him against the defendant. That right is secured in a proceeding which is severable from the main cause and is effectually and conclusively destroyed by the order dissolving the garnishment.

It has been held that in the absence of special statutory provision allowing appeals in such cases an appeal will not lie from an interlocutory order quashing a writ of garnishment while the suit is still pending and before final judgment therein. See Terry v. Hughes, 93 Ala. 432, 8 South. Rep. 686; 3 C. J. par. 392.

In view, however, of the decisions of this Court as to the severable nature of the attachment from the main action and the finality of an order dissolving such writs and from the analogies between the proceedings of attachment and garnishment we are of the opinion that they are in their nature and purpose similar so that an order dissolving a

writ of garnishment is such a final judgment or order as that a writ of error will lie thereto under the statute.

The plaintiff's attorney made the affidavit upon which the writ of garnishment issued. It was alleged that an action was pending and had not been prosecuted to final judgment; that the debt for which the plaintiff sued was just, due and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee, and that the affiant "does not believe that the defendant will have in his possession after execution shall be issued visible property in this State and in Dade County upon which a levy can be made sufficient to satisfy the amount of the plaintiff's claim."

This affidavit complied with the requirements of the Statute. See Sec. 3446, Revised General Statutes.

By oath in writing the defendant traversed the following allegation of the plaintiff's affidavit, viz: that the garnishment applied for was not sued out to injure the defendant. There was coupled with this traverse the averment that the writ "was not sued out in good faith, but to harass, annoy and injure defendant in his credit." There was also an averment that the writ was "procured by plaintiff's agent, Frank B. Shutts, unlawfully and without probable cause."

The statute provides that the court to which a garnishment is returnable shall always be open for the purpose of hearing and deciding motions to dissolve garnishments, and in any case upon oath in writing made by the defendant and tendered to the court "that any allegation in the plaintiff's affidavit is untrue, a trial of such traverse shall be had and if the allegations in plaintiff's affidavit which is traversed is not sustained and proved to be true the garnishment shall be dissolved." Sec. 3454, Revised General Statutes.

The purpose of the statute was to provide a summary pro-

ceeding to try the truthfulness of the allegations in the plaintiff's affidavit, if the defendant so desires. Its purpose in this regard is clear but there is no provision for the introduction of other issues than those produced by a categorical denial of one or more of the allegations in the plaintiff's affidavit.

The proceeding is statutory and the requirements of the statute should be strictly followed. There is no authority in the statute for trying the issue sought to be presented by defendant's affidavit that the garnishment was sued out to "harass, annoy and injure defendant in his credit," or that it was procured "unlawfully and without probable cause."

If the writ was procured unlawfully in the sense that the affidavit did not meet the requirements of the statute the defect would appear upon the face of the affidavit and the court having control of its own process might upon motion, or *sua sponte,* dissolve the garnishment. If the unlawfulness of it consisted in some act or omission of the plaintiff, or his attorney or agent, bearing some relation to sented except upon a specific denial of the particular allegation. Otherwise the issue would be broader than the statute contemplates shall be tried.

The term "probable cause", in the connection in which it is used may mean a denial of the existence of the debt for if there was no debt, or if it was not due there would be no legal cause for the writ and the averment would be true. But an issue of that kind is not to be tried in the manner in which an issue raised by other allegations in the affidavit is tried.

There was only one issue presented by the oath in writing of the defendant. That was raised by the specific denial of the allegation that the "garnishment applied for is not sued out to injure" the defendant. Whether the word

"injure," as used in the statute, has reference to the damage that may result from a garnishment to the value of the defendant's estate or reputation for business integrity or ability, the evidence is undisputed that the affiant did not make the affidavit for any improper or ulterior motive or to annoy or harass the defendant. But that issue was presented only as a conclusion of the defendant from the fact averred that he was worth $12,000.00, above liabilities and exemptions, in property situated in Dade County. That averment was not equivalent to a statement that he had that much visible property in his possession in that county.

The conclusion, therefore, was a *non sequitur* and was not a denial of the plaintiff's allegation that the garnishment was not sued out to injure defendant.

The other conclusion, drawn from the averment that the defendant had $12,000.00 worth of property in the County, was that the garnishment was "not sued out in good faith but to harass, annoy and injure defendant in his credit."

If it is true, which we do not now decide, that a specific denial of the plaintiff's allegation: that he "does not believe that the defendant will have in his possession after execution shall be issued, visible property in this State and in the county in which the suit is pending upon which a levy can be made sufficient to satisfy the amount of the plaintiff's claim," puts the plaintiff to the affirmative proof that he did believe that the defendant would not have such property in the county sufficient to satisfy the execution,. and that such proof is supplied by facts tending to establish the non-existence in the county of visible property owned. by the defendant of a value equal to the plaintiff's claim,. the plaintiff was not put to such proof by specific denial of that allegation. The averment that the garnishment was: obtained unlawfully and without probable cause is not such. a specific denial of the particular allegation.

The plaintiff sustained and proved to be true the allegation that the garnishment was not sued out to injure the defendant, the only allegation which the defendant may be said to have denied according to the requirements of the statute.

In this view of the case we are of the opinion that the court erred in refusing an affirmative instruction for the plaintiff.

It is ordered that the judgment be, and the same is reversed.

WEST, C. J., AND TERRELL, J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.