O. K. REAVES v. DOMESTIC FINANCE CO.

152 So. 718.
Division A.
Opinion Filed January 2, 1934.
Petition for Rehearing Denied February 19, 1934.

*Mabry, Reaves & White,* for Petitioner;
*Chancey & Thomas,* for Respondent.

TERRELL, J.—Respondent brought a common law action against J. H. Ehlers, Jr., and garnisheed O. K. Reaves. J. H. Ehlers, Sr., filed a claim affidavit, averring that the fund in the hands of the garnishee belonged to him. Section 3445, Revised General Statutes of 1920, Section 5298, Compiled General Laws of 1927. Two writs of garnishment were served on the garnishee. A return to each writ was entered. To his return to the second writ the garnishee attached a copy of an escrow agreement under which the funds in his hands had been deposited with him.

On July 3, 1929, the appropriate steps in the cause having been taken, the clerk entered final judgment for plaintiff

against the defendant, J. H. Ehlers, Jr., and against the claimant, J. H. Ehlers, Sr. July 5, 1929, final judgment was entered by the clerk against the garnishee. On the theory that the latter final judgment was a nullity. the garnishee petitioned the court to be permitted to file an amended and supplemental return which set up the failure of the Citizens Bank & Trust Company eleven days after the final judgment against him, that the funds which he held as garnishee were deposited in said bank in the checking account of Mabry, Reaves, and Carlton as per terms of the escrow agreement between him and the defendant, and that other plaintiffs under the firm name of Campbell and McLean had shortly before entered a suit against Domestic Finance Company, Inc., in which they had garnisheed the garnishee in the original cause. With this petition the garnishee tendered in discharge of his liability as such an assignment against the liquidator of the Citizens Bank & Trust Company of Two Thousand Dollars, the same being all the funds he held as garnishee.

To the garnishee's petition to amend, Domestic Finance Company, Inc., countered with a motion praying the amendment *nunc pro tunc* of the final judgment against the garnishee to meet all obligations to it. This motion was denied. The requisite pleadings were filed and counsel for both sides entered into a stipulation that a jury trial be dispensed with and that the cause be determined by the court on an agreed statement of facts. The judgment of the court was in favor of the garnishee and in effect held that any claim against him as such was satisfied by the assignment against the liquidator of the bank as referred to. From this judgment writ of error was prosecuted to the Circuit Court. The judgment of the Circuit Court reversed the judgment of the Civil Court of Record and in so doing held that O. K. Reaves as garnishee was liable in the sum of Two

Thousand Dollars for money held by him on deposit in the Citizens Bank and Trust Company in the general checking account of Mabry, Reaves, and Carlton at the time it closed. The judgment of the Civil Court of Record as reversed by the Circuit Court of Hillsborough County is brought here for review on certiorari.

It is contended that the Civil Court of Record having been abolished pending writ of error from it to the Circuit Court there was no jurisdiction on the part of the Circuit Court to review and reverse the judgment of the Civil Court of Record, that if such jurisdiction existed the judgment of the Circuit Court was not authorized by the facts in this case, and that the amount of costs assessed by the Circuit Court against the garnishee is so arbitrary and excessive as to show that it did not proceed according to the essential requirements of the law.

We have reached the conclusion that the judgment of the Circuit Court was contrary to law and must be quashed so it becomes necessary for us to review only the second question brought here for consideration, though it is not out of place to state that the first question raised by petitioner has been decided contrary to his contention in previous decisions of this Court.

These are the essential facts out of which this action grew: Some differences arose among the stockholders of respondent, Domestic Finance Company, Inc., which resulted in a sale of their stock by one group to the other. An agreement was entered into June 8, 1928, whereby the selling group sold its stock to the purchasing group at a price of $7,190.00 to be paid as follows: $2,000.00 cash in the form of a check, $1,595.00 payable on or before June 30, 1928, $3,595.00 payable in thirty days from date of contract, deferred payments were evidenced by collateral notes of the date of the agreement and were secured by the

deposit of stock in the corporation. O. K. Reaves was designated as escrow agent in the agreement to complete the transfer. All of the checks, notes, stock certificates, and other instruments pertaining to the transaction were deposited with the escrow agent who was directed by Ehlers, Jr., "to deposit such checks as had been or might be received by him in the general checking bank account of the firm of Mabry, Reaves, and Carlton, of which firm said escrow agent·was a member, and when the same had cleared to disburse the money to said vendor, or as said vendor might direct."

The record discloses that the escrow agent followed these instructions to the letter up to the time the writ of garnishment was served on him. If he had commingled the defendant's funds with his own without authority, or if he had failed to disburse them promptly on request of the defendant before the right to do so was interrupted by the writ of garnishment a case might be presented in which the defendant would have a cause of action against the garnishee to which the plaintiff would have succeeded.

It is contended by the Respondent that by reason of the fact that the garnishee was directed to deposit such checks as came into his hands from the purchasing group in payment of the stock of the selling group and after the checks cleared disburse the proceeds by his check as the defendant directed the relation of debtor and creditor was created between the defendant and the garnishee under which the garnishee would become personally responsible for the funds lost in the bank.

We think this contention is erroneous. It is our view that under the facts presented the relation of the garnishee and defendant was that of trustee and *cestui que* trust. The properties described in the agreement were held in trust by the escrow agent who was a mere transfer medium who

collected the checks and disbursed the proceeds to those designated by the defendant to receive them. He was nothing more than a stakeholder doing another's bidding and had no discretion to exercise. Thornburg v. Buck, 13 Ind. App. 446, 41 N. E. 85; Beers v. Lyon, 21 Conn. 604. Under such an arrangement the escrow agent was relieved of all responsibility and cannot be held for the loss of the fund in the bank pending the transfer. *In re:* Shanley, 107 N. Y. Supp. 913, 57 Misc. Rep. 8.

This conclusion is further supported by the fact that the plaintiff's claim against the garnishee can rise no higher than the claim of the defendant against him. In other words, when the writ of garnishment is served the plaintiff takes the place of the defendant and becomes substituted for him in the action against the garnishee. The effect of garnishment is to make the garnishee the trustee of the funds of the defendant. The Circuit Court evidently overlooked this important consideration.

It follows that the judgment of the Circuit Court reversing the judgment of the Civil Court of Record must be and is hereby quashed.

DAVIS, C. J., and ELLIS, J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.

### ON PETITION FOR REHEARING.

PER CURIAM.—This case was decided in the first instance on the principle that in garnishment cases the plaintiff stands in the defendant's shoes and acquired the defendant's rights only. Rood on Garnishment 174 and cases cited; Waples on Attachment and Garnishment 257; Drake on Attachments, par. 462. The garnishee's liability to the defendant is the measure of his liability to the garnishing creditor and can never be for any greater. Jones v. Langhorne, 19 Colo. 206, 34 Pac. Rep. 997.

Under the terms of the proven agreement by which the funds in question in this case were placed in the garnishee's hands, the garnishee was under no duty to withdraw the deposited money and tender it into court merely because of the garnishment writ served on him, nor was the act of garnishee in leaving the money on deposit in the bank where it was being held undisturbed at the time the garnishment writ was executed, such a dealing with ·that undisturbed fund as to impress on the garnishee any greater liability for its loss on account of the bank's failure, than could have been asserted against the garnishee by the original defendant had the garnishment suit never been instituted. To hold otherwise would make the garnishee a guarantor of the bank's solvency in favor of the judgment plaintiff, whereas no such guaranty would have enured to the benefit of the judgment defendant had he himself brought a suit against the garnishee for the same matter and sought a recovery of the same fund in his own right.

The argument of the respondent proceeds on the assumption that the effect of service of a writ of garnishment creates in and of itself an absolute and unconditional liability on the garnishee's part in favor of the defendant's garnishing creditor. The assumption relied on is erroneous when carried to the extent of violating that settled principle of garnishment law which is to the effect that by the service of a writ of garnishment the garnishee can be held to no higher degree of liability on his obligation to the original defendant than the liability which would attach to him for the same thing in a suit brought against him by such original defendant in a direct action.

Rehearing denied.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.