MURPHREE, JOHN A. H., Associate Judge.
Was garnishment a proper remedy?
Smith Construction Company contracted to do certain work for the City of Sarasota. Seaboard Surety Company (appellant) was the surety on the performance and payment bond of Smith to guarantee performance of its contract with the city and the payment of all bills incurred in connection therewith. Acme Wellpoint Corporation (appellee) furnished certain materials and equipment to Smith for which Smith failed to pay. Acme sued Smith and recovered a judgment for $4,000.00. Seaboard was not made a party to that suit. Acme then sued out a writ of garnishment against Seaboard for the collection of its judgment against Smith. The garnishee traversed the writ by denying any indebtedness on its part to Smith; but notwithstanding, the trial judge entered judgment on the writ for $4,000.00 against Seaboard.
Apparently the trial judge felt that the remedy of garnishment was in order due to the wording of the bond which contained the following provisions:
"2. The undersigned shall promptly make payment to all persons supplying services, labor, material or supplies used directly or indirectly by said Contractor, or any subcontractor or subcontractors, in the prosecution of the work provided for in said contract.
* * * * * *
“5. Subject to the Owner’s priority, any claimant furnishing labor or materials for said job, whose claim remains unpaid for more than ninety (90) days after the due date, shall have a direct right of action against the Principal and Surety under this obligation.
“6. In addition to all the foregoing conditions, the Surety agrees that if the contractor, or his or its subcontractor or subcontractors, fails to duly pay for any labor, materials, team hire, sustenance, provisions, provender or other supplies consumed by such contractor or sub-contractors in performance of the work contracted to be done, the Surety will pay the same, together with interest at the rate of 6% per an-num and that the surety shall indemnify and save harmless the City to the extent of any and all payments in connection with carrying out said contract which the City may be required to make.”
With the trial judge’s ruling we cannot agree.
Garnishment is a statutory remedy and one who avails himself of it is limited to its scope and authority.
The Florida Supreme Court in Williams v. T. R. Sweat & Co., 103 Fla. 461, 137 So. 698 (1931) said:
“Garnishment * * * should not be pushed in its operation beyond the statutory authority under which it is resorted to.”
The statute (F.S. 77.01, F.S.A.) provides:
“Every person who * * * shall have recovered a judgment in any court of this state against any person, natural or corporate, shall have a right to a writ of garnishment, * * * to subject any indebtedness due to the defendant by a third person * *
Under no consideration was Seaboard, the surety on Smith’s bond, indebted to Smith, the principal, for an obligation which Smith itself was obligated to pay. The breach of a bond by a principal could create no liability against the surety by which1 the principal may profit.
In Pleasant Valley Farms & Morey Condensery Co. v. Carl, 90 Fla. 420, 106 So. *690 427, 429 (1925), the Supreme Court said: Garnishment “is a proceeding-, in its nature equitable, by which the plaintiff is subro-gated to the defendant’s right against the garnishee.”
In Reaves v. Domestic Finance Co., 113 Fla. 672, 152 So. 718, 720 (1934), the Supreme Court also said:
“The garnishee’s liability to the defendant is the measure of his liability to the garnishing creditor and can never be for any greater. * * * [T]he plaintiff’s claim against the garnishee can rise no higher than the claim of the defendant against him. In other words, when the writ of garnishment is served, the plaintiff takes the place of the defendant and becomes substituted for him in the action against the garnishee.”
To the same effect see: Howe v. Hyer Bros., 36 Fla. 12, 17 So. 925 (1855); 38 C.J.S. Garnishment § 176, p. 393 (citing Reaves, supra); 12 R.C.L. 778, et seq.
Acme finds comfort in the case of Worden v. Hunt et al., appellees, Fla.App., 147 So.2d 548 (1962), wherein a judgment was recovered against a principal for whom the Hartford Accident & Indemnity Company had written a bond. Garnishment proceedings were instituted against the bonding company and recovery allowed. The reading of that case, however, reveals that the point involved in this appeal was not raised. We cannot therefore accept that case as authority for so drastic a change in the established law of garnishment in this state as Acme (appellee) would urge upon us.
Acme’s remedy was to sue the contractor (Smith) and the surety (Seaboard) on the bond as authorized by F.S. 255.05, F.S.A.
The judgment of the lower court is reversed.
ALLEN, Acting C. J., and SHANNON, J., concur.