CHARLES CARROLL, Chief Judge.
The appellee Kurtell and Company was the lessee of certain business premises from Hampton Building, Inc., now dissolved, the trustees of which are the appellants. Due to increase in the appellee’s business which created a need for more space, the lessee notified the lessor three months prior to the end of the lease term of its intention to move to other premises. Appellants filed an action for rent for the balance of the term ($900) and concurrently therewith garnished appellee’s bank account.
The affidavit for garnishment contained a statement “that the affiant does not believe that the Defendant will have in his possession, after execution shall be issued, visible property in this State and in Dade County upon which a levy can be made sufficient to satisfy the amount of the plaintiffs’ claim.” The lessee filed a traverse under oath which, in addition to denying the indebtedness claimed, stated: “Defendant has in its possession visible property upon which a levy can be made sufficient to satisfy the judgment described in the affidavit.”
Section 77.07, in chapter 77, Fla.Stat., F. S.A., relating to garnishment, provides in part as follows:
“The court to which a garnishment is returnable shall always be open for the purpose of hearing and deciding motions to dissolve such garnishment, and in any case upon oath in writing made by the defendant, and tendered to the court that any allegation in the plaintiff’s affidavit is untrue, a trial of such traverse shall be had, and if the allegation in the plaintiff’s affidavit which is traversed is not sustained and proved to be true, the garnishment shall be dissolved. * * * ”
On the issue thus raised the evidence disclosed that a financial statement of the lessee’s business made less than two months prior to the garnishment revealed the net assets of the business as amounting to $79,-000. The evidence further disclosed that at the time the lessee gave notice of removal it maintained visible property on the premises consisting of office and manufacturing equipment of a value in excess of $5,000, an inventory in excess of $14,000, and had cash in bank exceeding $12,000. The garnishor admitted knowledge of the office and manufacturing equipment above referred to, and the evidence disclosed that the garnishor had made no investigation relative to the other assets of the lessee.
In ruling on the matter the trial judge stated: “There is no effort made to ascertain what this corporation has at all by the plaintiff, no effort whatsoever. I just do not believe that people should go around and get garnishments without making some effort to find out what the company or defendant has. I do not think that is right. He made no effort to find out.” Thereupon the court dissolved the writ of garnishment and discharged the garnishee. This appeal by the garnishor is from that order.
The order appealed from is adequately supported by the evidence. However, the appellants contend that the traverse did not create the issue tried, for the reason that there was no specific or categorical de *687 nial of the allegation in the affidavit that the affiant believed the defendant would not have in his possession visible assets, etc.
Both parties rely for authority on the case of Pleasant Valley Farms & Morey Condensery Co. v. Carl, 90 Fla. 420, 106 So. 427. The question presented is whether in response to an allegation in a garnishment affidavit in the form quoted hereinabove, it is a sufficient traverse thereof for the defendant to aver under oath that it did have visible property, etc. We hold that it is. In the Pleasant Valley Farms case it was stated that to prevail over traverse of such an allegation it would be incumbent on the plaintiff to submit proof of facts tending to establish the nonexistence in the county of visible property owned by the defendant of a value equal to the plaintiff’s claim. It would appear, therefore, if that allegation of a garnishor can be sustained by a showing of the nonexistence of visible property, it can be refuted and defended against by averring and showing the existence of such property in adequate value or amount.
Affirmed.