NORTH AMERICAN TELEPHONE CORPORATION, Plaintiff-Appellee,

v.

RDM COMMUNICATION SERVICE, INC., et al., Defendants-Appellants.

No. 76–1455

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 23, 1976.

James E. Moore, William A. E. Landsberg, Niceville, Fla., for defendants-appellants.

Marion R. Vickers, Jr., Mobile, Ala., for plaintiff-appellee.

Before COLEMAN, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

North American Telephone Corporation (NAT) obtained a judgment for $18,971.64 against RDM Communication Services, Inc. in an action brought in the Southern District of Alabama which arose out of a manufacturer-dealer relationship existing between these parties. Pursuant to 28 U.S.C. § 1963, NAT sought to execute this judgment in the Northern District of Florida since the time of appeal from that judgment had expired. NAT also filed a Motion for Garnishment against the Valparaiso Bank & Trust Company, which answered that it had the sum of $23,119.76 in a checking account plus a telephone switch belonging to RDM in its possession. RDM filed a Motion to Dissolve this garnishment and according to § 77.07, Florida Statutes Annotated, an evidentiary hearing was held which resulted in a denial of RDM's motion. Judgment was entered against the Valparaiso Bank in the amount of $18,971.64, together with interest and costs, from which RDM now appeals.

We find the district court's interpretation of *Bertman v. Kurtell,* Fla.App., 205 So.2d 685 (1968) to be correct and affirm its decision. In *Bertman,* the garnishee successfully traversed the garnishor's Motion to Garnish since he proved that the garnishor, contrary to the affidavit provided with his motion, had knowledge of visible assets owned by the garnishee in the State of Florida sufficient to satisfy the judgment and that the garnishor had made no other investigation into the garnishee's other assets. In this case, NAT investigated RDM's assets in the State of Florida and learned from a financial statement provided by RDM that RDM's liabilities were in excess of its assets. Although RDM did provide

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

some evidence of assets in the form of inventory, and contracts for work in progress, no evidence was provided showing the fair market value for a telephone switch, originally purchased from NAT and whose present ownership is open to question, which was listed as an asset on its financial statement.

The district court was therefore correct in concluding that NAT was justified in not believing that RDM had sufficient assets in the State of Florida to satisfy the judgment it had obtained against RDM.

AFFIRMED.