**Jacqueline GAYLE PIPPIN, Plaintiff,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Defendant.**

No. 93–0175–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 22, 1994.

850

Michael Harvey Alden, Fisher & Sauls, P.A., John W. Williams, Williams, Brasfield, Wertz, Fuller, Goldman, Freeman, & Lovell, St. Petersburg, FL, for plaintiff.

Paul B. Butler, Jr., John Walter Weihmuller, Butler, Burnette & Pappas, Tampa, FL, Steven G. Janik, Karen–Denise Lee, Janik, Lester & Dunn, Cleveland, OH, Karen–Denise Lee, Douglas Fee, Janik, Lester & Dunn, Brea, CA, for defendant.

*ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant's motion for summary judgment (pursuant to Rule 56, Fed.R.Civ.P.). The motion was filed October 12, 1993. (DKT. NO. 26) The plaintiff filed a memorandum in opposition to the motion for summary judgment October 28, 1993. (DKT. NO. 34)

## FACTUAL BACKGROUND

The factual background underlying this garnishment action is not in substantial dispute. On February 9, 1987, Plaintiff Jacqueline Pippin (Pippin) was shot and injured during a strong arm robbery of the Circle K convenience store where she worked as a clerk. To recover for the injuries she sustained in the shooting, Pippin initiated litigation and on August 18, 1988, filed suit against a number of Circle K Corporation's executive officers and managers (Eller, Reade, Wheeler, et al., collectively "Eller"). On October 14, 1992, Pippin and Eller entered a settlement agreement for $4,000,000 in Pippin's favor. At the time of the shooting Defendant National Union Fire Insurance Company (National Union) was the umbrella insurance carrier for Circle K; the policy was for $5,000,000 with a retained limit of $1,000,000. On December 22, 1992 Pippin filed the subject writ of garnishment which was timely served upon National Union. In its answer, National Union raised numerous denials and defenses to the writ. Additionally, before Pippin filed her suit against Eller, on May 28, 1992, Eller filed suit in Arizona State Court (Arizona action) seeking a declaratory decree that National Union is obligated to Eller to provide coverage for Pippin's claims against Eller in connection with the shooting.

## STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d

994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Ry. Co.,* 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment. The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986): "In our view the plain language of Rule 56(c) mandates the entry of a summary judgment after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." The Court also said, "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct at 2553.

## DISCUSSION

National Union raises two principal arguments in support of its motion for summary judgment. First, National Union argues that a contingent liability will not support a writ of garnishment, and that its liability to Eller, and in turn its liability to Pippin, is unestablished and contingent in view of the Arizona litigation. Thus, National Union argues, the writ should be dissolved and summary judgment entered in its favor. Second, National Union argues that its denials and defenses to the writ of garnishment should be taken as indisputably true because Pippin filed an untimely reply to National Union's answer.[1] Consequently, National Union argues, its uncontestable defenses to the writ entitle it to entry of summary judgment and dissolution of the writ. These arguments will be addressed in order.

■ Under Florida Law a garnishment proceeding entitles a garnishor to be subrogated to the primary debtor's right against the garnishee. *Pleasant Valley Farms v. Carl,* 90 Fla. 420, 106 So. 427 (1925). The garnishor gets *no greater right than that of*

the primary debtor. *Reaves v. Domestic Fin. Co.,* 113 Fla. 672, 152 So. 718 (1934). National Union's obligation to Pippin would be no greater than its obligation to Eller; in other words, Pippin's rights against National Union are derivative.

### I.

■ National Union correctly asserts that the subject of a writ of garnishment must not be contingent. *See Tomlin v. Anderson,* 413 So.2d 79 (Fla. 5th DCA 1982). Florida's garnishment statute, Section 77.01 Fla.Stat. (1991), provides that a judgment creditor may garnish any "debt due" to the judgment debtor by a third person. The "debt due" requirement has been construed in Florida to preclude garnishment of a debt that is contingent. As the Florida Supreme Court stated in *West Florida Grocery v. Teutonia Fire Ins. Co.,* 74 Fla. 220, 77 So. 209 (1917):

"Before a writ of garnishment can be effective there must be an 'indebtedness due' ... or which may become due absolutely by the lapse of time only. This excludes an indebtedness that may never become due according to circumstances yet to occur, or which is not determinable by a fixed and certain method of calculation. If there is anything contingent or to be done by a person before the liability of another becomes fixed, there is not such an 'indebtedness due' as contemplated by the statute." *Id.* at 225–26, 77 So. 209.

■ National Union argues that because Eller and National Union are litigating National Union's liability in the Arizona action their obligation to Eller is a contingent liability. However, National Union misconstrues the nature of a "contingent liability." "A 'contingent' liability, by definition, is dependent on the occurrence of some future and uncertain event." *Rety v. Green,* 546 So.2d 410, 423 (Fla. 3d DCA 1989), citing Black's Law Dictionary 291 (5th Ed.1979). In construing a similar rule, in a factually analogous case, a Michigan appellate court stated,

---

1. National Union also argues that its coverage defenses, including [Eller's] alleged failure to assist and cooperate with National Union as required by the policy, should be taken as true thus entitling National Union to entry of summary

judgment and dissolution of the writ of garnishment. This "third" argument is merely an extension of its second argument. Because the second argument is resolved against National Union, the "third" argument is likewise rejected.

"[a] contingent claim is one where liability hinges upon some future event, which may or may not occur; it is dependent upon some condition as yet unperformed." *Rutter v. King,* 57 Mich.App. 152, 226 N.W.2d 79, 88 (1974).

Whatever rights Eller (and derivatively Pippin) has against National Union have vested; all of the events that fix National Union's liability have occurred. National Union's denial of liability, in both the Arizona and the present actions, does not create a contingency. As the court stated in *Rutter supra,*

"When the garnishee denies liability, one of the objects of the garnishment suit is to ascertain whether there is a debt due from the garnishee to the judgment debtor. (Citation omitted.) Thus, the denial of liability by the garnishee does not create a contingency which will prevent garnishment. If we held otherwise, garnishment process by a creditor could be defeated in every case by the garnishee's denial of indebtedness to the judgment debtor." *Rutter,* 226 N.W.2d at 88.

National Union's denial of liability to Eller is not a contingency; it merely serves to demonstrate that a disputed issue of material fact exists, precluding entry of summary judgment. This result is consistent with the well settled rule in Florida "that a plaintiff who has obtained a judgment against a defendant may proceed in garnishment against the defendant's insurer immediately upon the entry of a final judgment by the trial court...." *Grange Mutual Casualty Co. v. Stroud,* 173 So.2d 171, 172 (Fla. 2d DCA 1965). *See also Coblentz v. American Surety Co. of New York,* 416 F.2d 1059 (5th Cir. 1969) (garnishment action allowed despite the fact that the insurer/garnishee disputed its liability to judgment debtor/insured).

### II.

National Union also argues that its denials and defenses in its answer should be taken as true and therefore it is entitled to summary judgment. This argument is predicated on

**2.** This Court had not yet ruled on National Union's motion to strike when National Union filed

National Union's belief that, Pippin would not be entitled to reply to National Union's answer. On October 19, 1993, this Court in its sound discretion denied National Union's Motion to Strike Pippin's reply.[2] The Court rejects National Union's assertion that its denials and defenses should be taken as true, entitling it to entry of summary judgment.

National Union has not sustained its burden of showing the absence of a genuine issue as to any material fact, accordingly its motion for summary judgment is **denied.**

**DONE** and **ORDERED.**

the instant motion for summary judgment.