On Motion fob Rehearing

WARNER, J.
We grant the appellees’ motion for rehearing but withdraw our previously issued opinion, and substitute the following in its place.
The Florida Insurance Guaranty Association (“FIGA”) appeals an order allowing appellee, Works R Us, to garnish certain funds which FIGA paid into the trust account of the GrayRobinson law firm in settlement of an appraisal award in favor of Del Mar Condominiums. Works R Us claimed a right to funds held by FIGA, because it was a judgment creditor of Fireline, a contractor on the Del Mar project. We reverse because neither FIGA *171 nor GrayRobinson was indebted to Fire-line.
In 2004, Hurricane Frances damaged the property of the Del Mar Condominium Association. Del Mar hired Fireline Restoration, Inc., as its general contractor to make repairs. Subsequently, when Fire-line wasn’t paid, Fireline sued Del Mar for breach of contract and recorded liens against Del Mar. Del Mar in turn filed a third party complaint against its insurer, Southern Family. During the pendency of this litigation, Southern Family was declared insolvent. FIGA was substituted in the suit and became obligated to pay covered claims. Subsequent to the appearance of FIGA in the litigation, Del Mar entered into a settlement agreement with Fireline whereby Del Mar agreed to make certain payments to Fireline and to cooperate to maximize the recovery from FIGA on the claim. Del Mar agreed that it would receive $2.1 million from FIGA, and any recovery above that amount would be paid to Fireline. Fireline voluntarily dismissed Del Mar with prejudice on October 17, 2006, and recorded satisfaction of hens.
In the insurance litigation, FIGA requested an appraisal pursuant to the insurance policy provisions. An umpire made a substantial appraisal award. After deduction of amounts FIGA had already paid to Del Mar or its contractors, FIGA owed Del Mar $2,882,765. In the meantime, another contractor, JMC Marketing, filed a garnishment action against FIGA, alleging that Fireline owed JMC money. It alleged that Fireline was entitled to part of the money paid on the appraisal award. Del Mar and FIGA both agreed that Fire-line was entitled to part of the proceeds and consented to a garnishment judgment in favor of JMC in the amount of $105,533. FIGA issued Del Mar a check made out to both Del Mar and Fireline in the amount of $2,727,231, but Del Mar did not accept it, as it claimed it was entitled to additional compensation. According to its attorney, it also could not come to agreement with Fireline as to how much Fireline was entitled to from the appraisal proceedings. On the other hand, FIGA claimed that it actually owed less to Del Mar.
Ultimately, FIGA took the position that Del Mar was owed only what the appraisal had awarded. Specifically, it also maintained that it owed Fireline nothing, as Fireline had dismissed its claims against Del Mar and recorded satisfactions of lien. It noted, “FIGA has no obligation to the insolvent insurer’s insured where the insured has no obligation itself.” The trial court granted a summary judgment. It then required FIGA to issue a new check in the amount of $2,016,382 to Del Mar and to issue a second check in the amount of $710,849 made payable to the trust account of GrayRobinson (FIGA’s law firm). From the money in the trust account, GrayRobinson was directed to pay the appraiser and other costs of the appraisal proceeding, and then to deposit $505,449 with the clerk of the circuit court. Parties who might be entitled to a portion of those proceeds could file a claim with the court within thirty days. Those parties included Fireline and creditors of Fireline, including Works R Us. Both Del Mar and FIGA were listed as potential claimants to the fund. Should no one file a claim to any of the proceeds, the court would order the money paid to Del Mar. Following FIGA’s compliance with the order by depositing the funds, judgment would be entered in favor of FIGA relieving it of further liability in the matter. The court also retained jurisdiction over the deposited funds as well as matters not disposed of by the order.
Shortly after the entry of this order, Works R Us obtained a money judgment against Fireline for unpaid work in con *172 nection with several projects around Florida, including the Del Mar Condominiums. Works R Us immediately issued a writ of garnishment on FIGA and GrayRobinson. In addition, it filed a claim to the monies in the Del Mar litigation as required by the summary judgment order. At that time, GrayRobinson had not as yet deposited money with the clerk. Correcting some errors, the court entered an amended order in the Del Mar suit. After the amended order was entered, FIGA paid the monies to Del Mar, and GrayRobinson deposited the remaining funds with the clerk. A final judgment was then entered in FIGA’s favor, stating that Del Mar takes nothing by this action and FIGA “shall go hence without day.”
Works R Us intervened in the Del Mar litigation, claiming that the summary order interfered with the rights of non-parties and that the funds should not be deposited with the clerk where there was no adverse party remaining in the Del Mar litigation. The court entered an order finding that no adverse party claimed the funds. It ordered the deposited funds to be paid to the GrayRobinson Trust Account. It also eliminated those portions of the previous order setting up the claims procedure. Importantly, it eliminated those portions of the order requiring any unclaimed monies to be paid to Del Mar and the retention of jurisdiction over the funds.
Works R Us then filed a motion for summary judgment in the garnishment litigation, arguing that it is entitled to part of the funds held by GrayRobinson. It maintained that FIGA acknowledged that Fire-line was entitled to monies from the Del Mar appraisal, as FIGA had paid monies to JMC Contracting. During the hearing, however, counsel for Works R Us admitted that in the Del Mar litigation other creditors had filed claims to the monies in possession of GrayRobinson. FIGA filed an affidavit of a senior claims manager stating that FIGA owed no money to Fire-line. In ruling in favor of Works R Us, the court found that FIGA had repeatedly acknowledged that Fireline was entitled to a portion of the proceeds. Further, Del Mar had unequivocally stated that it had been paid all it was due from the appraisal award and that the remaining sums from the appraisal award were due to Fireline pursuant to its settlement agreement with Fireline. The court entered summary judgment in favor of Works R Us on its garnishment claim, requiring that GrayRo-binson pay to Works R Us the sum of $281,795 from the settlement proceeds. GrayRobinson and FIGA appeal this judgment.
The standard of review of a summary judgment is de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment is appropriate only where no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Id. “[T]he burden of proving the absence of a genuine issue of material fact is upon the moving party. Until it is determined that the movant has successfully met this burden, the opposing party is under no obligation to show that issues do remain to be tried.” Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966).
Garnishment is a statutory remedy which is limited to the scope and authority of the statute. See Seaboard Sur. Co. v. Acme Wellpoint Corp., 156 So.2d 688, 689 (Fla. 2d DCA 1963). In Reaves v. Domestic Finance Co., 113 Fla. 672, 152 So. 718, 720 (1934), the court set the limits of the garnishee’s liability:
[T]he plaintiffs claim against the garnishee can rise no higher than the claim of the defendant against him. In other words, when the writ of garnishment is served, the plaintiff takes the place of *173 the defendant and becomes substituted for him in the action against the garnishee. * * * The garnishee’s liability to the defendant is the measure of his liability to the garnishing creditor and can never be for any greater.
Applying those principles to the facts of this case and the funds held by GrayRo-binson, Works R Us has no greater right than Fireline has to recover funds from FIGA or GrayRobinson. Therefore, we must examine Fireline’s claim to those funds.
Fireline had sued Del Mar for work performed on the condominium and eventually settled its claim with Del Mar, voluntarily dismissing its complaint and recording satisfactions of its liens. Del Mar was paid a portion of the appraisal award and did not appeal or object to any of the orders or final judgment. The funds held by GrayRobinson were returned to it by the court without limitation or reservation. The court entered final judgment in FIGA’s favor after FIGA had paid the proper amounts to Del Mar on all of the claims arising out of the litigation. Thus, Fireline’s right to claim against Del Mar was eliminated by its own actions in dismissing its claims against Del Mar, and Del Mar’s interests in the funds were eliminated in the final judgment. Nothing in this record establishes that FIGA or Gray-Robinson owes any debt to Fireline. Thus, Works R Us is not entitled to garnish either FIGA or GrayRobinson for the funds.

Reversed with directions to dissolve the writ of garnishment.

TAYLOR and MAY, JJ., concur.