SPECTOR, Judge.
Defendant appeals from an adverse summary judgment in a replevin action. The property which was the subject matter of this possessor^ action was two stock certificates evidencing two hundred shares in Colorado Milling and Elevator Company.
The real contest as to right of possession is between the appellee bank who lent appellant’s customer, one Riechmann, the money to pay for the stock and an out-of-state broker, Carl M. Loeb, Rhoades and Company, with whom the customer maintained a margin account and for whom the appellant broker claims to be acting as agent in respect of the subject stock. At the time the customer borrowed the money with which to pay for the stock, he executed a collateral pledge agreement, note and stock power in favor of the appellee bank, which in turn made out its check payable jointly to the customer and Pierce, Wul-bern, the appellant broker. These transactions occurred on April 14, 1966, but the check was postdated April 15. Upon receipt of the check on the 14th, the customer delivered same to one Jenkins, a registered representative of the appellant brokerage house, and advised him as to the fact that he had borrowed the full purchase price from the bank and further that the shares had been pledged to the bank and were to be delivered to the bank by the broker upon completion of the stock transfer in the customer’s name.
During the customer’s conversation with Jenkins, at which time the above matters were related to Jenkins, an officer of the appellee bank called Jenkins and advised him of the bank’s loan to and arrangement with the customer about the stock pledge and obtained Jenkins’ oral confirmation to send the stock to the bank when issued. Jenkins also confirmed this to the bank by letter dated April 14, 1966, the day of the loan and payment.
In his deposition, Jenkins stated that he had been employed by the appellant about five years and that he had written other letters to banks confirming delivery of stocks on account of the customer here involved, as well as other customers. Up until the preceding summer, he stated, such letters had been written by an officer who retired, but after that Jenkins wrote the letters himself although there had been no express authority given him to do so.
*179 On May 16, 1966, before the shares had been delivered to the bank pursuant to the above described arrangement, a check in the amount of $51,000 which had been given by the customer to the appellant on account of an unrelated stock purchase made by him on margin was returned for reason of insufficient funds. On learning that this check would not clear, an officer of appellant notified Loeb, Rhoades and Company, the out-of-state broker through whom it was doing its margin business, and advised that broker that the check tendered on the margin purchase would not clear. At that time there was in existence between appellant and the out-of-state broker a general agreement under which the out-of-state broker was to act as appellant’s clearing agent regarding certain accounts to be carried by the foreign broker. Under the agreement appellant was to stand good for any loss sustained should any check given by the appellant’s customer be returned unpaid. Additionally, there existed an agreement between Reichmann and Loeb, Rhoades and Company, providing a general lien in favor of the broker for all securities of the customer held by it.
Against this background and based on information supplied by the appellant, the out-of-state broker caused to be filed a writ of garnishment on the appellant in connection with a suit it then had pending against Riechmann to recover its losses arising out of the transaction in which Riechmann’s $51,000 check was returned unpaid. Four days after appellant was served with the writ of garnishment sued out by Loeb, Rhoades and Company, the appellee bank caused to be served upon the appellant a writ of replevin and thereby obtained possession of the stock certificates.
 The first point appellant advances as grounds for reversal is that the bank’s remedy in the assertion of whatever right or claim it might have had to possession of the stock was limited to a claim in the garnishment action filed pursuant to Section 77.16, Florida Statutes, F.S.A., since that action was commenced by the out-of-state broker prior to the bank’s replevin action. Appellant advances this point apparently on the basis that if the cited statute is construed so as to permit separate possessory actions, then the appellant as the stockholder will be required to defend in more than one action and perhaps be subjected to double liability of one form or another. Appellant furnishes us no authorities upon which its apprehension of double liability rests. Nor has our search of the precedents provided us with them. On the contrary, the general rule in the states which have considered the problem seems to be as set forth in 38 C.J.S. Garnishment § 186e, p. 418, as follows:
“The general rule is that, where property or funds of the principal debtor in the hands of the garnishee are taken from him by legal process after service of the writ, he is not chargeable in garnishment proceedings therefor.”
Our examination of the cases cited in footnotes to the above statement and in 28 C.J. 265 convinces us that the reasoning for the rule is sound and therefore the appellant’s fears of double liability are not well founded. Appellant could hardly be held responsible to the plaintiff in garnishment for property taken from him under the legal duress of a writ of replevin. Brandom v. Power, 41 S.W.2d 879, 881 (Mo.App.).
The next point urged by appellant as error is that the appellee bank’s posses-sory rights in the stock certificates are subordinate to those of the alleged Loeb, Rhoades lien and that the bank’s interest was defeated by the service of the writ of garnishment on the appellant. The contention by appellant that Loeb, Rhoades has an interest in the certificates apparently rests upon two premises. First, that a subsisting agreement between Loeb, Rhoades and Riechmann gave the former such a lien on the certificates and, second, that service upon appellant of the writ of garnishment sued out by Loeb, Rhoades gave the latter a lien on the certificates which could not be *180 defeated by the writ of replevin executed four days later.
The customer’s agreement executed between Riechmann and Loeb, Rhoades provides that all securities and other property belonging to Riechmann and carried by Loeb, Rhoades which is in the latter’s possession shall be under a general lien in favor of Loeb, Rhoades for the discharge of any debts owed to that broker. The record before us however shows that the stock certificates in Colorado Milling were purchased by the appellant for Riechmann through a western broker, not through Loeb, Rhoades. Nothing in the record before us indicates that Loeb, Rhoades was in any way connected with the Colorado Milling purchase transaction. It is quite clear that such stock was paid for by the appellee bank’s check to Riechmann and the appellant, and that appellant’s registered representative agreed orally and in writing to deliver the certificates to the bank upon completion of the stock transfer function.
Appellant’s second predicate for a lien is equally unavailing. The service of a writ of garnishment upon a defendant in garnishment, appellant here, does not create a lien on any indebtedness owed the principal debtor. Pleasant Valley Farms & Morey Condensery Co. v. Carl, 90 Fla. 420, 106 So. 427.
The remaining point urged for reversal is that summary judgment should not have been granted by the trial judge because there was a genuine issue of material fact ■on the question of whether appellant’s registered representative had been vested with authority to make a binding promise to the appellee bank to deliver the stock certificates to it upon transfer of the stock into Riechmann’s name. It is clear on the record before us that Pierce, Wulbern, takes the position that its registered representative, Jenkins, had not been given authority to make agreements to deliver stock fully paid for upon instructions to do so from the customer-owner to a bank which loaned the money to pay for the stock and to which bank the customer had executed a written collateral agreement pledging the stock purchased. It is appellant’s denial of the granting of such authority that is said to be the material fact in issue which precludes the disposition of this matter by summary judgment.
We are not unfamiliar with the authorities cited by appellant in its brief regarding the absence of triable issues before a matter may properly be decided by summary process, including the recent case of Holl v. Talcott, 191 So.2d 40 (Fla.1966). However, it is our view that the question of whether Jenkins had been granted such authority by appellant is not material to a determination of whether the appellee bank is entitled to replevy the certificates from appellant. To determine the latter question, we need only to determine whether there was a valid pledge of the shares to the bank by Riechmann. We know of no impediment to Riechmann’s right to pledge the stock certificates as security for the very loan, the proceeds of which were used to pay for the pledged stock. There is no question but that Jenkins, the broker’s registered representative, wrote the letter to the bank as he had done on six or seven other occasions involving other customer’s stock purchases. Jenkins’ letter is conclusive evidence that he knew of the customer’s pledge of the stock to the appellee bank. Jenkins gained this knowledge in undisputed conversations with the customer and the bank. As to this fact, that is, notice of the pledge to Jenkins, there is no justiciable issue of fact. Such notice was received by Jenkins at the time that Riechmann’s purchase of the subject stock through appellant broker was paid for by delivery of the bank’s check. There is no dispute as to Jenkins’ authority to accept the payment in behalf of appellant while in appellant’s premises. Therefore, Jenkins’ knowledge or notice of the pledge, having been gained during the course of his employment, is imputed to the appellant broker. Joel *181 Strickland Enterprises v. Atlantic Discount Co., 137 So.2d 627 (Fla.App.1st 1962). In view of Jenkins’ notice of the pledge, the appellant had constructive knowledge of it.
We are persuaded that the trial court’s judgment is in full accord with the view expressed in Restatement, Security § 8, to wit:
“Where the chattel is in the possession of a third person a pledge may be created by assent of the pledgor and notification by either pledgor or pledgee, to the third person, that the chattel has been pledged to the pledgee.”
Since there is no question as to the existence of the facts material to the issues of law here involved, the summary judgment was properly entered.
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.