387 So.2d 470 (1980)
Linton S. WATERHOUSE, and Fidelity and Deposit Co., of Maryland, Appellants,
v.
McDEVITT AND STREET CO., Martin, Johnson and Walls, Inc., and Barnett Bank of Cocoa, N.A., Appellees.
Nos. 78-2363/T4-277, 79-46/T4-277A and 79-72/T4-277B.
District Court of Appeal of Florida, Fifth District.
August 20, 1980.
Rehearing Denied September 11, 1980.
John L. Sewell, Orlando, for appellant Fidelity & Deposit Co. of Maryland.
*471 Linton S. Waterhouse, Orlando, pro se.
Elmo R. Hoffman, Orlando, for appellee McDevitt & Street Co.
Robert T. Westman, Cocoa, for appellee Barnett Bank of Cocoa, N.A.
FRANK D. UPCHURCH, Judge.
Three appeals, two from a final judgment of the Circuit Court for Orange County and one from the Circuit Court for Brevard County, have been consolidated for consideration.
Before these appeals arose, McDevitt & Street Company had sued Martin, Johnson & Walls, Inc. and its surety, Fidelity & Deposit Company. Martin counterclaimed. Fidelity cross claimed against Martin. Martin recovered a judgment against McDevitt; that judgment was appealed. McDevitt & St. Co. v. Martin, Johnson & Walls, 356 So.2d 1315 (Fla.4th DCA 1978). Fidelity's claim against Martin was also reduced to judgment. On May 22, 1978, the court ordered McDevitt to pay the amount owed on the judgment against it, plus interest, into the registry of the court. The court then planned to determine the priorities among claimants.
To collect a judgment it held against Martin, appellee Barnett Bank of Cocoa obtained a writ of garnishment in the Circuit Court for Brevard County which was served on McDevitt. McDevitt and Barnett then moved in the Orange County proceeding to abate the order directing the funds to be paid into the registry of the Orange County Court. The court entered an order of abatement which directed any parties claiming priority to the fund to file their claims in the garnishment proceeding pending in Brevard County.
The priorities were established in the Brevard County proceeding and the Orange County Court then entered its final judgment and order for disbursement of funds based on those priorities.
The order distributed 50% of the fund, plus costs, to Waterhouse, conditioned upon his posting a bond to insure repayment of any sum determined upon appeal due Fidelity in the Brevard garnishment case.
A. Appellant, Fidelity and Deposit Company of Maryland, appeals the judgment of the Orange County Circuit Court contending that the court erred in deferring a determination of the priorities to the fund in its registry to the Circuit Court for Brevard County because that court lacked subject matter jurisdiction.
We disagree and affirm the order of the Circuit Court for Orange County.
Fidelity relied on the case of Pierce, Wulbern, Murphey Corp. v. Riverside Bank, 203 So.2d 177 (Fla.1st DCA 1967), which adopted the rule that where property or funds of the principal debtor in the hands of the garnishee are taken from him by legal process after service of the writ, he is not chargeable in garnishment proceedings therefor. In that case, the appellant had been served with a writ of garnishment. A few days later, one appellee served him with a writ of replevin and obtained possession of some stock certificates. The rule stated by the court was in response to appellant's argument that he would be subjected to double liability if the appellee were able to replevy goods after appellant had been served with the writ of garnishment.
In the case before this court, the facts are unlike those present in an action of replevin where a person seeks recovery of his property. § 78.01, Fla. Stat. (1979). Here, the action of the court in requiring the payment of funds into its registry was similar to a protective order. Apparently the Circuit Court for Orange County was initially unaware of the garnishment proceedings in Brevard County. Upon learning they were in progress, it abated further action pending determination of priorities. The Orange County Court recognized the necessity of the determination of the priorities in the garnishment proceedings and, rather than transfer the funds, decided to retain control and disburse them in accordance with the findings of Brevard County. The mere deposit of funds in the Orange County Court Registry did not act to deprive the Brevard *472 County Court of subject matter jurisdiction. All parties were before the Brevard County Court and presented their claims. While it may be the better practice in such cases to transfer the funds to the court determining priority, the Orange County Circuit Court did not err in accepting the determination of the Circuit Court for Brevard County and disbursing the funds accordingly.
B. Fidelity and Deposit Company of Maryland, appeals from the judgment of the Circuit Court for Brevard County and raises as error that the court incorrectly determined the priorities to the fund on deposit.
We disagree and affirm.
The trial court held that Fidelity could not have priority over Barnett because Barnett had perfected a security interest under the Uniform Commercial Code by filing a Financing Statement with the Secretary of State.
Fidelity contends that a surety's equitable right to reimbursement for monies paid on behalf of its contractor arises by operation of law and is not dependent upon recording under the U.C.C. for priority. Fidelity's claim was based upon its two contract bonds and the agreement of indemnity upon which it obtained its judgment in the Circuit Court for Orange County. Neither the bonds nor the agreement of indemnity were on record with the Secretary of State.
We question whether the doctrine of equitable subrogation ever came into play. This case does not involve the surety's obligation to perform upon default of its principal and its concomitant right to subrogation. Rather, the right to reimbursement was based solely on Fidelity's contract agreement with Martin. According to the agreement of indemnity between Martin and Fidelity, Fidelity was entitled to reimbursement for any payments made by it in the belief that Fidelity was required to pay such sums or that it was expedient to make such disbursements, regardless of whether any liability actually existed. Fidelity paid approximately $30,000.00 to complete the subcontract in the belief that it was necessary or expedient to do so.
The trial established that McDevitt, not Martin, was the party in default. However, Fidelity was entitled to indemnification pursuant to its contract with Martin for payments made in the belief that such were necessary or expedient. No equitable subrogation was involved because the principal was not in default. The only claim which Fidelity had was its right by contract to reimbursement for payments made in a good faith belief that they were necessary or expedient. Fidelity's right to subrogation is a contract right controlled by the U.C.C. First Alabama Bank of Birmingham v. Hartford Accident & Indemnity Co., Inc., 430 F. Supp. 907 (N.D.Ala. 1977). Therefore, the trial court was correct when it determined that the priority of Barnett which had perfected its security interest by recording was superior to the claim of Fidelity. We also note that the agreement defines itself as a security agreement.
C. The last point to be discussed is whether the Circuit Court for Orange County erred in requiring appellant Waterhouse to post a bond as a condition and prerequisite to disbursement from the fund in the registry of the court.
After priorities had been determined, the trial judge directed the clerk of the court to pay Waterhouse from the funds on deposit in its registry. The final judgment adjudicated distribution to Waterhouse of 50% of the fund plus $528.88 reimbursement for his costs and expenses, but required him to post a bond conditioned upon repayment of the sum or portion thereof that may be determined on appeal to be owed to Fidelity.
Waterhouse contends that this requirement has the effect of staying the appeal which Fidelity is not permitted to do under the applicable appellate rules.[1]
*473 Fidelity contends that the source of authority for the action is the court's duty to protect funds held in its registry. In support of this position Fidelity cites Market St. Ry. Co. v. Railroad Commission, 28 Cal.2d 363, 171 P.2d 875 (1946), which held that the unrefunded excess fares should remain in the custody of the court pending determination of the validity of the Railroad Commissioner's order reducing fares. See also United States v. Morgan, 307 U.S. 183, 59 S.Ct. 795, 83 L.Ed. 1211 (1939). In these cases, as opposed to the case sub judice, the legal right to the funds had not been established.
While we agree that it was the court's duty to protect funds in its registry, this was true only until paid to the person whose right to them had been established. If Fidelity wanted to stay disbursement of the money to Waterhouse, the proper remedy was to require supersedeas on the part of Fidelity as provided in Florida Rules of Appellate Procedure 9.310(b)(1).
The judgments appealed are affirmed except as to the portion of the Orange County judgment requiring appellant Linton Waterhouse to post bond which is reversed.
Affirmed in part and reversed in part.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Rule 9.310, Florida Rules of Appellate Procedure, states in part:

(a) Application. Except as provided by general law and in section (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify or deny such relief. A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both.
(b)(1) Money Judgments  When the order is solely for the payment of money, a stay pending review is automatic, without the necessity of motion or order, on posting of a good and sufficient bond equal to the amount ordered to be paid, plus 15% thereof.