528 So.2d 128 (1988)
Virgil E. THURSTON, Appellant,
v.
INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellee.
No. 87-1303.
District Court of Appeal of Florida, Third District.
July 19, 1988.
Beth Tyler Vogelsang, Miami, for appellant.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Andres Rivero, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Thurston, owner and operator of a liquor dispensing establishment, entered into a liquor license surety contract with International Fidelity. The contract provided that Thurston would indemnify International Fidelity for any attorney's fees and costs incurred by the latter in defending an action against the liquor license bond.
A bar patron sued Thurston for injuries sustained on the business premises. Thurston hired Fred Mulhauser, an attorney, and paid him $5,000 for a successful defense of that action. Unknown to Thurston, International Fidelity had retained the same attorney and had paid him $5,132.24 for defending both Thurston and International Fidelity against the same claim. Thurston became aware that both he and the surety had retained the same law firm two years later when International Fidelity demanded indemnification from Thurston for legal costs and fees incurred. Thurston refused the demand on grounds that he had already paid the legal fees and costs required for defending against the claim. International Fidelity sued Thurston.
At the commencement of trial, the court granted International Fidelity's motion in limine prohibiting Thurston from raising or introducing evidence challenging the reasonableness of the fees and costs paid by the insurer. By the pretrial order the issues to be tried were limited to: (1) whether International Fidelity did in fact pay attorney's fees on behalf of Thurston; and (2) whether the amounts were paid in good faith.
*129 International Fidelity introduced billing statements and cancelled checks showing that it had been billed by the law firm and that it had paid those bills. The secretary-treasurer of International Fidelity testified that the fees were paid in good faith. Thurston proffered his own testimony that he had paid the legal fees in question and attempted to offer into evidence statements he received from the law firm showing, allegedly, a duplication of services. Objections to that evidence were sustained. Thereafter a directed verdict was entered for International Fidelity on the uncontroverted facts showing that the insurer had made payments on Thurston's behalf and that those payments were made in good faith.
Thurston's argument in the trial court, and his main contention here, is that he should be permitted to show, as a defense to International Fidelity's indemnification claim, the unreasonableness of taxing him $10,123.34 in legal costs and fees.
The issue obviously is not a question of reasonableness of the fee since the amount paid to the law firm by Thurston, the reasonableness of which is not questioned, is approximately the same amount paid to the law firm by International Fidelity, for what Thurston alleges was the same service. The real and easier issue is who, as between Thurston and International Fidelity, should pursue the law firm to recover for the alleged double billing. That question is answered by the surety contract whereby Thurston agreed to indemnify International Fidelity for costs and fees that the latter incurred in the defense of Thurston.
It would have made for a more efficient disposition of the claim had the law firm been brought into this action; nevertheless, the fact that Thurston may have duplicated payment of legal fees is no defense to International Fidelity's contractual right to indemnification. A surety is entitled to reimbursement pursuant to an indemnity contract for any payments made by it in a good faith belief that it was required to pay, regardless of whether any liability actually existed. Waterhouse v. McDevitt & Street Co., 387 So.2d 470 (Fla. 5th DCA 1980).
Affirmed.