EMPLOYERS INSURANCE OF WAU-SAU, a Mutual Company, Plaintiff,

v.

ABLE GREEN, INC., Robert Stanley, and Dorothy Stanley, Defendants.

No. 89–6865–CIV.

United States District Court, S.D. Florida.

Oct. 24, 1990.

James O. Murphy, Jr., Byrd and Murphy, Fort Lauderdale, Fla., for Employers Ins. of Wausau (plaintiff).

J. David Lynch, Lubbers & Lynch, P.A., Fort Lauderdale, Fla., for Able Green, Inc., Robert Stanley, and Dorothy Stanley (defendants).

Norman M. Waas, Parenti & Falk, P.A., Miami, Fla., for American Medical (defendant).

## MEMORANDUM OPINION

SCOTT, District Judge.

This cause is before the Court upon a motion for final, or in the alternative, partial summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, Employers Insurance of Wausau ("Wausau"), has instituted this action based upon a General Indemnity Agreement executed and issued by defendants Able Green, Inc., Robert Stanley and Dorothy Stanley (collectively, "Able Green"). In essence, Wausau contends that this indemnity agreement entitles it to a reimbursement of funds previously allocated in the form of bonds on behalf of Able Green. Conversely, Able Green maintains that Wausau has acted outside the scope of its good faith duty described in the indemnity agreement and is therefore precluded from recovery. Having carefully reviewed the record and applicable case authority, the Court is prepared to rule.

## I. LEGAL STANDARD

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406 (5th Cir.1980). This burden may be discharged by showing that there is an absence of evidence to support the non-moving party's

case. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *De Cuellar v. Brady*, 881 F.2d 1561 (11th Cir.1989); *United of Omaha Life Ins. v. Sun Life Ins. Co.*, 894 F.2d 1555 (11th Cir.1990).

## II. FACTUAL BACKGROUND

Wausau is a corporation organized and existing under the laws of the state of Wisconsin. In addition, Wausau is authorized to do business as a surety in the state of Florida. Able Green is a construction company operating in Florida. On July 10, 1985, Able Green executed and delivered a General Indemnity Agreement in favor of Wausau, thereby agreeing to indemnify Wausau against any and all liability, costs and other expenses which Wausau may incur as a result of executing surety bonds on behalf of Able Green.

Subsequent to the consummation of this indemnity agreement, Able Green entered into various building contracts with several land owners. The particular construction contracts involved in this action concern projects which Able Green undertook in Palm Beach County, Florida, Town of Lantana, Florida, and City of Lighthouse Point, Florida.

After entering into these construction contracts, Able Green requested that Wausau execute and deliver performance and payment bonds on its behalf. These bonds served to ensure performance and completion of Able Green's construction agreements. This included paying materialmen, laborers, sub-contractors, and claimants on these three projects.[1] As a direct result, Wausau has paid numerous claimants and incurred substantial expenses. The total sum of payments made by Wausau amount to $495,596.93. Of this amount, $410,-

---

1. Wausau had a duty of reasonable care to take over the projects of the City of Lighthouse Point and the Town of Lantana following their de-
fault. Wausau's duty was to execute the bonds in such a fashion so as to mitigate the damages of the respective parties.

290.34 relates to payments Wausau made pursuant to labor and material payment bonds. The remaining $85,306.59 relates to Wausau's payment of performance bonds.[2]

As a result of the foregoing, Wausau has brought this action to recover the payments duly owing pursuant to the indemnity agreement. Wausau alleges that it has satisfied all conditions precedent.[3]

### III. LEGAL ANALYSIS

■ Reduced to its least common denominator, this case involves interpretation of language contained within a General Indemnity Agreement.[4] Specifically, it involves application of paragraphs eight and two of this Agreement.[5] Paragraph eight concerns the respective duties which arise when claims or disputes are brought pursuant to a particular bond. This paragraph explicitly provides that Wausau was to have the exclusive power to determine

**2.** *Labor and material payment bonds* are required as common practice to protect the owners of a construction project site against the contractor's breach and claims of labor and material men. A *performance bond,* on the other hand, guarantees third persons full performance of a construction contract in the event of a default by the general contractor. 13 *Couch on Insurance 2d* §§ 47:5 and 47:176 (1982).

**3.** In opposition, Able Green has filed a counterclaim which alleges breach of implied covenant of good faith, breach of contract, and gross negligence. By Order of the Court dated January 24, 1990, Able Green's claims for breach of implied covenant of good faith and gross negligence were dismissed with prejudice. At present, the only potentially viable claim remaining is for breach of contract. However, upon thorough review, the Court hereby denies Able Green's claim for breach of contract.

**4.** Able Green alleges that Wausau's failure to attach the performance and labor and material bonds to any of the pleadings raises a material issue of fact which precludes summary judgment in favor of Wausau. The Court disagrees.

**5.** Due to the dispositive nature of these two provisions, we are compelled to state them in their entirety:

*Paragraph Eight*
The Surety shall have the exclusive right to decide and determine whether any claim, liability, suit, or judgment made or brought against

which bonds should be satisfied. Whereas, paragraph two relates to the indemnitor's (Able Green) obligation to indemnify the surety (Wausau) for any and all losses incurred as a consequence of the execution of bonds on its behalf. Pursuant to these provisions, Wausau must satisfy two conditions precedent to be eligible for reimbursement for bonds issued on behalf of Able Green.

■ First, pursuant to paragraph eight, Wausau must establish that *it used good faith* in deciding and determining whether to issue any material and payment bonds on behalf of Able Green. As previously mentioned, paragraph eight states that:

"[t]he Surety shall have the exclusive right to decide and determine whether any claim, liability, suit or judgment made or brought against the Surety or the Indemnitors or any one of them on any such bond shall or shall not be paid

the Surety or the Indemnitors or any one of them on any such bond shall or shall not be paid, compromised, resisted, defended, tried, or appealed, and the Surety's decision thereon, if made in good faith shall be final and binding upon the Indemnitors, unless the Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgment or judgments rendered, or that may be rendered, with interests, costs, expenses and attorneys fees, including those of the Surety. An itemized statement of payments made by the Surety for any of the purposes specified herein, sworn to by an officer of the Surety, or the voucher, or vouchers for such payments, shall be prima facie evidence of the liability of the Indemnitors to reimburse the Surety for such payments with interest.

*Paragraph Two*
The Indemnitors will indemnify the Surety against any and all liability, loss, costs, damages, fees of attorneys and other expenses which the Surety may sustain or incur by reason of, or in consequence of the execution of such bonds and any renewal, continuation or successor thereof, including but not limited to, sums paid or liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits or judgments under such bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability, or in recovering or

... " 6

Accordingly, courts have consistently held that the surety is entitled to reimbursement pursuant to an indemnity contract for any payments made by it in *a good faith belief that it was required to pay*, regardless of whether any liability actually existed.

Wausau acted as it was required to by the General Indemnity Agreement. Upon Able Green's default, Wausau satisfied its duty of reasonable care to take over the projects of the City of Lighthouse Point and the Town of Lantana. Wausau received demands for payment of claimants under the bonds. Accordingly, Wausau executed those bonds in such a fashion so as to mitigate the damages of the respective parties. Wausau, with sound discretion, made payments to these three sites in the total amount of $495,596.93.

Able Green did not request, in compliance with paragraph eight, that Wausau litigate these claims nor did Able Green post collateral to cover the litigation expenses. As stated in paragraph eight, unless Able Green meets these two criteria, Wausau has the exclusive right to determine whether bonds shall be paid. Although Able Green alleges that Wausau made bad faith payment of claims just to forego litigation, this allegation cannot withstand Able Green's own failure to comply with the terms of paragraph eight of the indemnity agreement. Moreover, Wausau's assessment to forego litigation is indicative of good faith where litigation would far exceed the expense of settling the claim out of court.

attempting to recover losses or expenses paid or incurred, as aforesaid.

6. Wausau's decision, if made in good faith, is subject only to Able Green's request for litigation and posting of satisfactory collateral.

7. Specifically, Able Green alleges that Wausau was deliberately malfeasant because it did not have complete copies of all construction agreements on the three projects.

8. See e.g., *Thurston v. International Fidelity Insurance Company*, 528 So.2d 128, 129 (Fla.3d DCA 1988); *Waterhouse v. McDevitt and Street*

Second, Wausau must establish that *it was not deliberately malfeasant* in issuing the performance bonds for the completion of the Town of Lantana and the City of Lighthouse Point projects. Deliberate malfeasance, by definition, is an intentional wrongful act which the actor has no legal right to do, or any wrongful conduct which affects, interrupts, or interferes with the performance of official legal duty. *Daughtery v. Ellis*, 142 W.Va. 340, 97 S.E.2d 33, 42 (1956); *Black's Law Dictionary*, 5th Ed. (1979). Contrary to Able Green's allegation, Wausau is not estopped by virtue of its own conduct from recovery.[7] Wausau's management of the projects on which Able Green defaulted was not intentionally wrongful. Although Wausau did not have complete copies of all construction agreements on all three projects, Wausau's official duty to complete these projects in *good faith* was in no way affected, interrupted, or interfered with. The courts have consistently held that a [lack] of diligence or negligence is not the equivalent of bad faith, and even gross negligence is not the same as bad faith. While Wausau's actions may have been negligent, the Court finds that they do not rise to the level of deliberate malfeasance.

Provisions similar to the General Indemnity Agreement at issue have been consistently upheld as valid and enforceable.[8] Although Able Green contends that the General Indemnity Agreement is unconscionable, it is well settled that "the question of unconscionability is one of law" not of fact.[9] Accordingly, Able Green's allegation that the indemnity agreement is one-sided and oppressive cannot create a material issue of fact for the jury's determination.[10]

*Co.*, 387 So.2d 470 (Fla. 5th DCA 1980); *Fidelity & Deposit Company of Maryland v. Fleischer*, 772 S.W.2d 809, 815 (Mo.App.1989).

9. *Garrett v. Janiewski*, 480 So.2d 1324, 1326 (Fla. 4th DCA 1985).

10. The facts surrounding the execution of the General Indemnity Agreement are set forth in the depositions of Robert Stanley and Dorothy Stanley. This testimony makes it clear that the indemnity agreement was given as consideration for Wausau's execution of the performance bonds and labor and material payment bonds on the three projects at issue.

**1104**

Furthermore, the Court finds Able Green's unconscionability claim insufficient as a matter of law. The purpose behind the unconscionability doctrine is "prevention of oppression and unfair surprise." [11] However, the deposition testimony of Robert and Dorothy Stanley reveals that the General Indemnity Agreement was in no manner oppressive, harsh or shocking. To the contrary, the indemnity agreement was given as consideration for Wausau's execution of the bonds in question. As previously mentioned, Wausau acted appropriately according to the provisions of the indemnity agreement. It is hardly unfair that Wausau is now seeking redress for the loss it suffered as a result of Able Green's non-performance.

Final Summary Judgment is appropriate as a matter of law in the total amount of $495,596.93. Pursuant to the General Indemnity Agreement, Wausau used good faith in issuing the material and payment bonds on behalf of Able Green in the amount of $410,290.34. Furthermore, Wausau was not deliberately malfeasant in issuing performance bonds for the completion of the Town of Lantana and the City of Lighthouse Point in the amount of $85,306.59.

### CONCLUSION

Based upon the foregoing analysis and the authorities cited therein, this Court concludes that Wausau is entitled to reimbursement for the loss it suffered as a result of the bonds it issued on behalf of Able Green. Accordingly, it is ORDERED and ADJUDGED as follows:

(1) Wausau's Motion for Final Summary Judgment is GRANTED.

(2) Within five (5) calendar days of the date of this order, counsel for the Plaintiff shall submit a Final Judgment consistent with this Memorandum Opinion.

DONE and ORDERED.

---

11. Calamari & Perillo, *The Law of Contracts,* (3d Ed.), s. 9–40.