**In re CADDIE CONSTRUCTION CO., INC., Debtor.**

**MCA INSURANCE COMPANY, Plaintiff,**

**v.**

**Melody G. GENSON, as Trustee of Caddie Construction Co., Inc., City of Tavares, Florida, a Florida municipal corporation, and City of Altamonte Springs, Florida, a Florida municipal corporation, Defendants.**

**Bankruptcy No. 90–0959–8P7.
Adv. No. 90–307.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 26, 1991.

Donald E. Christopher, David Crocco, for plaintiff.

Michael Moran, for Melody G. Genson, Trustee.

Carole J. Barice, for City of Altamonte Springs, Fla.

Richard W. Hennings, for City of Tavares, Fla.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a Motion for Partial Summary Judgment filed by MCA Insurance Company (MCA), the Plaintiff who instituted the above-captioned adversary proceeding. The named Defendants in the Complaint of MCA are Melody D. Genson, Trustee of the estate of Caddie Construction Company, Inc. (Debtor), the City of Tavares, and the City of Altamonte Springs, two Florida municipal corporations. The Complaint of MCA seeks a declaration of its right to certain funds still held by the City of Tavares and the City of Altamonte Springs. In due course the Trustee filed her answer, which contends certain admissions and denials. In addition, she also pled an affirmative defense, claiming that the sums of $36,114.48 held by the City of Tavares and the sum of $41,450.00 held by the City of Altamonte Springs belong to the estate, and the Trustee's right to the funds is superior to the right claimed by MCA. In addition, the Trustee also filed a crossclaim against both Cities and sought a money judgment against the City of Tavares, claiming false representations by the agents of the City, and anticipatory breach by the City, and some other claims of a similar nature. None of these claims are currently under consideration by this Court at this time. At the conclusion of the pretrial conference, both Cities agreed to turn over the funds held by them respectively to the Trustee and the Trustee is, in fact, holding the funds pending a determination by this Court whether the funds belong to MCA because its rights are superior to any claim of the Trustee, or whether the Trustee is entitled to retain the funds.

The present matter under consideration is a Motion for Partial Summary Judgment filed by MCA which contends that there are no genuine issues of material fact, and that it is entitled to a declaration that the undisbursed construction funds now held by the Trustee rightfully belong to it and its right

to the funds is superior to any claim of the Trustee of the Debtor's estate. The facts relevant to the resolution of this limited issue are indeed without dispute and can be summarized as follows:

Caddie Construction Company, Inc. (Debtor), at the time relevant, entered into a construction contract with the City of Tavares for the construction of internal water and sewer improvements referred to as Imperial Terrace located within the City of Tavares, Florida. The Debtor also negotiated and obtained three contracts with the City of Altamonte Springs for 1) the construction of a boulevard extension and 2) the construction of a reclaimed water transmission main, and 3) the construction of reclaimed water irrigation connections. In compliance with *Fla.Stat.* § 255.05, the Debtor posted performance and payment bonds issued by MCA on its behalf in connection with these construction projects.

It appears that before the Debtor was able to complete its contract with the City of Tavares, the City declared the Debtor to be in default and removed the Debtor from the project, which was then taken over by MCA pursuant to its obligation under the performance bond and ultimately completed at the cost of $201,144.00. In addition, MCA also paid subcontractors and suppliers of materials in the amount of $94,-299.85, pursuant to its obligation under the payment bond. According to MCA, these monies represent unpaid obligations of the Debtor incurred in connection with the City of Tavares contract. At the time the Debtor's contract was terminated, the City still held undisbursed funds in the amount of $167,014.92.

Unlike the contract with the City of Tavares, the three contracts of the Debtor with the City of Altamonte Springs were, in fact, completed. However, just like the contract of the Debtor with the City of Tavares, the Debtor again failed to pay some of its subcontractors and suppliers of materials. As the result, the City of Altamonte Springs declared the Debtor to be in default and withheld the retainage payments and in addition denied the Debtor's request for payment for change orders.

The total balance remaining on the Altamonte Springs contract is $40,323.16. In light of the fact that this Court already granted a Partial Summary Judgment in favor of MCA and directed that the sum of $5,077.45 shall be paid to MCA on one of the contracts, the total unpaid balance remaining on the two Altamonte Springs contracts is $35,245.71.

It is the contention of MCA that there are no genuine issues of material fact and it is entitled as a matter of law to the undisbursed contract balances on both the Debtor's contract with the City of Tavares and the two remaining contracts of the Debtor with the City of Altamonte Springs. The Motion of MCA is supported by an Affidavit of Soren Laursen (Laursen), vice-president of MCA in charge of the Surety Bond Department. MCA's vice-president states in the Affidavit that in conjunction with the issuance of a performance and payment bond, the Debtor and two of the Debtor's principals executed a General Indemnity Agreement in favor of MCA; that on May 22, 1989, MCA issued a performance and payment bond in the sum of $361,939.00; that upon being informed by the City of Tavares that the contract of the Debtor had been terminated, in compliance with the demand made on MCA, MCA took over the construction project and engaged the services of H.E.M. Consultants, Inc. (H.E.M.), who ultimately completed the Imperial Terrace contract. The Affidavit also states that MCA paid the sum of $201,-144.00 to H.E.M. for its services. In addition, MCA also paid $94,299.85 to subcontractors and suppliers of labor and materials, an obligation of the Debtor which was not paid by the Debtor; and that eleven more claimants were also asserted rights to payment for $69,873.40. These claims have not been paid by MCA and MCA is defending these claims in several lawsuits filed against it on its performance and payment contract bond.

The Affidavit of Laursen further states that in connection with the three contracts of the Debtor with the City of Altamonte Springs, it issued three separate payment and performance bonds covering these projects. While the Affidavit concedes

that the Debtor completed the Altamonte Springs contracts, it did not pay suppliers and materialmen and, for this reason, Altamonte Springs held back payment of retainage and change order requests. Specifically, Altamonte Springs held back retainage payments of $10,506.48 on the first contract, $5,427.73 on the second contract, and $5,077.45 on the third contract. Additionally, Altamonte Springs held back $19,312.00 for change order requests on the third contract. Thus, the sum of $40,323.16 is due on the three Altamonte Springs contracts; however, $5,077.45 has already been paid by the Trustee to MCA pursuant to court order and the unpaid balance remaining on the Altamonte Springs contracts is $35,-245.71.

In opposition to the Motion of MCA, the Trustee filed an Affidavit signed by the Trustee herself. In her Affidavit, she contends that both the Tavares contract and the Altamonte Springs contracts were breached by the Cities prepetition and whatever work stoppages there were on the City of Tavares project was the fault of the City. Moreover, she contends that the several items paid by MCA were beyond the scope of Tavares contract or of the additions to the contract. The Trustee's Affidavit recites numerous facts which facially create genuine issues of fact relating to both the City of Tavares contract and to the three contracts the Debtor had with the City of Altamonte Springs.

In addition, the Trustee also filed a Supplemental Affidavit which, inter alia, she contends that the documents produced by MCA reveal there were only two legitimate payments made by MCA on the City of Altamonte Springs contracts: one to Rogers Group, Inc., for $1,185.75 and one to Power Drill & Fasteners, Inc., for $1,456.90. In addition, the Trustee contends that MCA made only one legitimate payment on the City of Tavares contract to Graybar, Inc., for $843.50. The Supplemental Affidavit also states that MCA made improper payments in connection with the several suppliers of materials for the three Altamonte Springs contracts and also six improper payments in connection with the City of Tavares contract. The Trustee contends that these payments were improper because none of these suppliers gave a notice to owners as required by the Statute. The Affidavit, if accepted, would squarely put in issue whether or not the payments made by MCA were proper which, in turn, would have a serious impact on the claim of MCA that it is entitled to the unpaid contract balance due from the City of Tavares and from the City of Altamonte Springs.

MCA promptly filed a Motion to Strike the Trustee's Supplemental Affidavit and it also seeks attorney fees, contending that the Trustee made false and misleading statements of facts in the Supplemental Affidavit, specifically by stating that there was no compliance with *Fla.Stat.* § 255.05(2) because all but three of the claimants failed to file "notices to owner". It is the contention of MCA that the Trustee's Supplemental Affidavit was submitted in "bad faith" and for the sole purpose of delay, confusion, and harassment, and not only should it be stricken, but MCA should be allowed reasonable attorney fees pursuant to Bankruptcy Rule 7056(g).

■ The Motion to Strike of MCA did not raise the point that the Affidavit and the Supplemental Affidavit filed by the Trustee cannot be considered because they did not comply with Fed.R.Civ.P. 56(e) as adopted by Bankruptcy Rule 7056(e). Notwithstanding, it is evident that this is a threshold question which, if it is resolved in the favor of MCA, it would not be necessary to resolve the contentions raised by MCA in its Motion To Strike the Supplemental Affidavit. Fed.R.Civ.P. 56(g), as adopted by Bankruptcy Rule 7056(g), provides that supporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

■ Even a cursory reading of the two affidavits leaves no doubt that the facts recited in the Affidavits of the Trustee were not based on the personal knowledge of the Trustee, who at the time relevant

was not even involved in any of these contracts under consideration; instead, the statements in the affidavits are clearly based on pure hearsay, which, of course, would not be admitted in evidence. Fed.R. Evid. 802, as adopted by Bankruptcy Rule 9017. While MCA seeks to strike the Supplement Affidavit only, contending that the facts are false and misleading, the basic difficulty with both Affidavits is that they do not comply with the requirements of Fed.R.Civ.P. 56 as adopted by Bankruptcy Rule 7056(g). For this reason, this Court is satisfied that the facts stated in the two affidavits cannot be considered and the Affidavits should be stricken. This being the case, there are no genuine issues of material fact which require a resolution by actual trial.

■■■ This leaves for consideration whether or not MCA is entitled to a judgment in its favor as a matter of law. It has been uniformly recognized that the surety which completes the performance on behalf of a contractor stands in the shoes of the contractor to the extent of performance or payment. *Transamerica Ins. Co. v. Barnett Bank of Marion County*, 540 So.2d 113, 116 (Fla.1989). As stated in the case of *Employers Ins. of Wausau v. Able Green, Inc.*, 749 F.Supp. 1100 (S.D.Fla., 1990), the surety is entitled to reimbursement of its expenses incurred in performing a contract on behalf of its principal so long as the surety is not deliberately malfeasant in the management of project after the default of the principal. The surety who completes the performance of a contract is entitled to recover the balance of a contract price "free from set off". *Aetna Casualty & Sur. Co. v. United States*, 435 F.2d 1082 (5th Cir.1970); *Trinity Universal Ins. Co. v. United States*, 382 F.2d 317 (5th Cir.1967), *cert. denied*, 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 873 (1968). In addition, under the principle of equitable subrogation, one who has a liability to pay the debt of another and does so is in equity entitled to the security or obligation held by the creditor whom he has paid. *Fortenberry v. Mandell*, 271 So.2d 170 (Fla. 4th DCA 1972). To invoke the doctrine of equitable subrogation, a party must show

that the debt was paid; that the party had a right, fiduciary relationship, or liability that prompted discharging the debt or lien; and that the application of equitable subrogation is not unjust. *North v. Albee*, 155 Fla. 515, 20 So.2d 682, 683 (1945).

■■■ The doctrine of equitable subrogation was designed to protect the surety. *In re E.R. Fegert*, 88 B.R. 258, 260 (9th Cir. BAP 1988). The Supreme Court has held that if a surety completes a job and pays subcontractors and material suppliers, the surety has a common-law right to the interest of the bankruptcy estate. *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136, 83 S.Ct. 232, 236, 9 L.Ed.2d 190, 193 (1962).

Based on the principle of equitable subrogation, this Court is satisfied that MCA is, as a matter of law, entitled to recover the remainder of the unpaid contract balance on the Altamonte Springs contracts. Additionally, MCA is entitled to retain the unpaid contract balance on the Tavares contract.

In sum, this Court is satisfied that while a proper affidavit could have raised some limited genuine issues of material fact, none can be established by this record and, having considered that MCA is entitled to funds as a matter of law, it is appropriate to grant MCA's Motion for Partial Summary Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Partial Summary Judgment filed by MCA be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion of MCA to Strike the Trustee's Affidavits is granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion of MCA for an Award of Attorneys' Fees based on the Trustee's Affidavits is denied.

DONE AND ORDERED.